S04F1012. SCOTT-LASLEY v. LASLEY.
(604 SE2d 761)

SEARS, Presiding Justice.

The appellant, Juana Scott-Lasley, appeals from the final judgment entered by the trial court in her divorce action with the appellee, Mr. Lasley.[1] On appeal, Ms. Scott-Lasley contends that the trial court erred in incorporating the portion of the parties' agreement that provides for an automatic change of child custody; that the trial court erred in varying the appellee's child support obligation outside the child support guidelines; and that the trial court erred by declining to

---

[1] We granted Ms. Scott-Lasley's application for discretionary appeal under this Court's pilot project in domestic relations cases.

include a provision requiring Mr. Lasley's child support obligation to continue beyond the age of eighteen if any of the parties' children were still enrolled in high school. We find merit to the first two contentions, but not to the latter contention. Accordingly, we affirm the trial court's judgment in part and reverse it in part.

In the final decree that it entered in the parties' divorce action, the trial court incorporated an agreement that the parties had reached regarding the custody of their three children. The agreement provided, in relevant part, that Ms. Scott-Lasley would have primary custody of the children, and that "[i]n the event that one of the parents move outside the Atlanta metropolitan area (7 counties), he or she shall forfeit the right to physical custody of the children to the parent who remains in the 7 counties area." As for child support, the trial court found that the gross income of Mr. Lasley was $9,716.66 per month, and that the applicable percentage of gross income to be considered for child support for the three children was 25% to 32%. The trial court awarded 25% of Mr. Lasley's gross income, or $2,430 per month, as child support. The court also stated that it found the existence of a special circumstance, and it listed that circumstance as the report of the guardian ad litem. Finally, the decree provided that Mr. Lasley's child support payments would be reduced by one-third as each minor child reached the age of eighteen, married, died, became self-supporting, or otherwise became emancipated.[2]

1. Ms. Scott-Lasley contends that the provision for an automatic change of custody in the event that one of the parties moves outside of the seven-county metropolitan Atlanta area violates this Court's decision in *Scott v. Scott*.[3] We agree. In *Scott*, this Court disapproved of self-executing change of custody provisions on the ground that judicial scrutiny was necessary at the time of the change to determine whether the change was in the child's best interests.[4] Moreover, we stated that our disapproval applied whether the self-executing provision originated with an agreement of the parties or with the trial court.[5] Thus, in the present case, the self-executing change of custody provision violates this Court's decision in *Scott*. Accordingly, the trial court erred in incorporating it into the final decree of divorce.

2. Ms. Scott-Lasley concedes that the trial court's award of child support that is effective until the first child turns eighteen is within the child support guidelines, but she contends that the part of the award that becomes effective when the first or second child turns

---

[2] Hereinafter, all these events that terminate child support will simply be referred to collectively as a child reaching the age of eighteen.

[3] 276 Ga. 372 (578 SE2d 876) (2003).

[4] Id. at 373-377.

[5] Id. at 375, n. 3.

eighteen is outside the guidelines and that the trial court erred in varying from the guidelines without providing adequate reasons for doing so. For the reasons that follow, we agree with this contention.

Under the trial court's order, Mr. Lasley's support obligation is reduced by one-third as each child reaches age eighteen. Thus, when the oldest child turns eighteen, Mr. Lasley's child support payment will be $1,620 per month. This amount is 16.6% of his monthly income. Under the child support guidelines, when there are two children to support, the paying spouse must pay between 23-28% of his gross income as child support.[6] Even using the low end of the guidelines — 23% — to calculate the appropriate payments, Mr. Lasley would be required to pay $2,235 in child support, an amount that is significantly more than is due under the trial court's order. Similarly, when the parties' second child turns eighteen, Mr. Lasley's support obligation will again be reduced by a third, and his support obligation for the one remaining child will be below the child support guidelines.

"The Child Support Guidelines laid down in OCGA § 19-6-15 (b) and (c) are mandatory and must be considered by any trier of fact setting the amount of child support."[7] Here, the amounts awarded as support after the first and second children turn eighteen clearly do not fall within the guidelines, and the trial court made no finding under § 19-6-15 (c) that would justify the departure.[8] Moreover, we can discern of no policy reason why the guidelines should not apply to the youngest two children after the oldest child turns eighteen. In this regard, at least one other court has concluded that, when an award of child support is made for several children and the trial court provides for reductions in child support as the children reach majority, the trial court may not reduce the child support on a pro rata or per child basis, but must instead do so in accordance with the child support guidelines.[9]

For these reasons, the trial court erred in reducing the award of child support by one-third as each child reaches age eighteen, and we remand the case to the trial court for a calculation of child support that is consistent with this opinion.

3. Ms. Scott-Lasley contends that it is an abuse of discretion as a matter of law for a trial court to fail to provide for an award of child

---

[6] OCGA § 19-6-15 (b) (5).

[7] *Franz v. Franz*, 268 Ga. 465, 465 (490 SE2d 377) (1997).

[8] Although the trial court referred to the report of the guardian ad litem as a special circumstance, the trial court did not relate that special circumstance to the reductions in child support that occur when a child turns eighteen, and we can find nothing in the guardian's report that justifies those reductions. See *Esser v. Esser*, 277 Ga. 97, 97-98 (586 SE2d 627) (2003).

[9] *Steffes v. Steffes*, 560 NW2d 888, 894 (N.D. 1997).

support to continue until age twenty for a child who is attending high school. She therefore contends that the trial court erred by failing to include such a provision in this case. However, OCGA § 19-6-15 (e) clearly provides that the decision whether to include such an award is discretionary with the trier of fact, and Ms. Scott-Lasley effectively seeks to rewrite the statute to require the automatic inclusion of such a provision in all child support cases. We decline to rewrite the statute in this fashion.

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

*Anthony M. Zezima*, for appellant.
*McGinnis & Chambers, James J. McGinnis*, for appellee.