## S06A1955. EUBANKS v. RABON.
(642 SE2d 652)

BENHAM, Justice.

This appeal is from an order modifying child support levels and visitation. When William Eubanks and Kristi Rabon divorced in 2002, the final judgment and decree of divorce incorporated the parties' settlement agreement and required Eubanks to pay $300 per month child support during the nine months each year the children were in the physical custody of Rabon, and required Rabon to pay the same during the three months each summer when Eubanks had custody. It also provided for a decrease in Eubanks's support obligation to 20% of his then gross income when the oldest child reached age 18.[1]

---

[1] We note, although it is not an issue on this appeal of a modification order, that the final decree's provision for a decrease in Eubanks's support obligation to 20% of his income upon the oldest child reaching majority would have taken the amount below the guidelines in effect at the time which provided for a support amount between 23% and 28% of his income for two children. OCGA § 19-6-15.

In 2005, Rabon sought an upward modification in support based on an increase in Eubanks's income and a modification of the custody and visitation provisions. Eubanks counterclaimed for an upward modification of Rabon's support obligation based on an increase in her income. Finding Eubanks's income had increased 79% and taking judicial notice that the children's needs had increased, the trial court granted Rabon's modification request. The increase in Eubanks's obligation placed it at $741.68, which the trial court calculated to be 28.5% of his income, and the modification order provided for him to pay that amount until the youngest child reaches majority (or until age 20 if in secondary school), marries, dies, or becomes self-supporting.[2] The trial court also modified summertime visitation and custody, recognizing the school district's change to a two-month summer vacation and shorter breaks every 45 days, and giving each parent one summer month and half of each shorter vacation period. The trial court's order notes the existence of Eubanks's counterclaim for modification, but notwithstanding a finding that Rabon's income had increased by 112%, does not expressly resolve the counterclaim, other than to note that unaddressed provisions of the final decree remain in effect. This Court granted Eubanks's application for discretionary review.

1. Eubanks contends the trial court's upward revision of the amount of child support originally established by incorporation of the parties' settlement agreement into the divorce decree was illegal for two reasons: by requiring that the increased amount of support remain unchanged until the youngest child reaches majority, the modification order provided for support above the level mandated by the guidelines once the oldest child reaches majority and changed the terms of child support in ways other than the amount paid. We find merit to both aspects of his argument.

Under the version of OCGA § 19-6-15 in effect when the trial court entered the modification order,[3] Eubanks could be required to pay up to 32% of his income to support three children and up to 28% of his income to support two children. Under the trial court's modification order, Eubanks will continue to be obligated after the majority of the parties' oldest child to pay more than 28% of his income for two children. We are thus presented with the converse of the problem this Court faced in *Scott-Lasley v. Lasley*, 278 Ga. 671 (2) (604 SE2d 761) (2004). There, the award reduced the child support obligation by one-third when the oldest child of three reached majority and by

---

[2] For convenience, we will refer to this cluster of eventualities as "reaching majority."

[3] A highly detailed revision of OCGA § 19-6-15 with revised guidelines became effective on January 1, 2007.

another one-third when the second child reached majority. This Court applied the guidelines and concluded that, based on the obligor parent's income at the time the support requirement was imposed, the reductions would take the level of support outside the amount dictated by the guidelines. In the present case, applying the same reasoning would result in the support level rising above the amount mandated by the guidelines when the oldest child reaches majority. While a level of support exceeding the guidelines may be awarded when the trial court finds special circumstances warranting such a deviation (*Urquhart v. Urquhart*, 272 Ga. 548 (2) (533 SE2d 80) (2000)), no such finding was made by the trial court in this case. The only special circumstance noted by the trial court was that the decree provided for extended visitation, which logically would result in a decrease in child support rather than an increase, and the trial court did not make the required written finding on the record that the application of the guidelines would be unjust or inappropriate or include justification of why the order varies from the guidelines. Id. This Court noted in *Scott-Lasley v. Lasley*, supra, that application of the guidelines is mandatory and found "no policy reason why the guidelines should not apply to the youngest two children after the oldest child turns eighteen." Applying that holding to the present case, we conclude the trial court's award was improper.

Rabon contends, however, that since the award in the modification order was a group award, it cannot be prorated among the children so as to separate the amount awarded to each. That argument brings up for consideration Eubanks's contention the trial court erred by modifying terms of the divorce decree relating to child support other than the amount. "[A]ny modification award . . . changing the time frames established in the original decree cannot stand." *Howard v. Howard*, 262 Ga. 144 (1) (414 SE2d 203) (1992). Inasmuch as the original decree provided for a reduction of child support upon the oldest child's majority, thus providing an ending time for that portion of Eubanks's support obligation relating to the oldest child, the trial court in the modification action had no authority to extend the period for which Eubanks would be required to pay child support for three children. *Gallant v. Gallant*, 223 Ga. 397 (3) (156 SE2d 61) (1967). It thus appears that the trial court's modification of child support in this case was erroneous both in changing the period of support established in the divorce decree and in providing for support, without specific findings, above the level mandated by the guidelines in effect when the order was entered. In light of those errors, the modification "cannot stand." *Howard v. Howard*, supra.

2. Eubanks sought by counterclaim an increase in the support Rabon was to pay during the summer months when the children were with him. As noted above, the trial court did not specifically address

the counterclaim other than by a statement that all provisions of the divorce decree not modified were to remain the same. Thus, although the trial court found in the course of considering the financial status of the parties that Rabon's income had increased by 112%, it did not apply the guidelines to Eubanks's claim for modification. "[C]hild support guidelines apply not only to initial determinations of child support, but also to modification actions, and ' "... must be considered by any court setting child support." [Cit.]' " *Wingard v. Paris*, 270 Ga. 439, 440 (511 SE2d 167) (1999). The trial court's failure to apply the child support guidelines to Eubanks's counterclaim constitutes another basis for reversal of the judgment below.

3. Eubanks enumerates as error the trial court's action in taking judicial notice of an increase in the needs of the children. A parent seeking modification of the amount of child support must show either a change in the financial status of either of the former spouses or in the needs of the child or children. *Wingard v. Paris*, supra, 270 Ga. at 439. Had Rabon asserted an increase in the needs of the children as a basis for upward modification of Eubanks's support obligation, the trial court would be authorized to increase the support on that basis only upon a showing of the asserted increase. Id. Rabon would have borne the burden of proving an increase in the needs of the children because "[t]he burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." OCGA § 24-4-1. Since the question whether there had been an increase in the needs of the children would be a matter of proof if it were placed in issue, it would not be a proper matter for judicial notice. *Graves v. State*, 269 Ga. 772 (2) (504 SE2d 679) (1998) (disapproved on other grounds, *Jones v. State*, 272 Ga. 900 (2) (537 SE2d 80) (2000)). However, Rabon's complaint for modification did not assert an increase in the needs of the children as a basis for increasing Eubanks's support obligation, so the complaint did not put that asserted fact in issue. Furthermore, the modification order did not expressly mention an increase in the children's needs as a basis for increasing Eubanks's support obligation. Under those circumstances, the trial court's action in taking judicial notice of an increase in the needs of the children was harmless error.

*Judgment reversed. All the Justices concur, except Hunstein, P. J., who concurs in the judgment only as to Divisions 1 and 2.*

DECIDED MARCH 19, 2007.

*Shepherd, Johnston & Owen, Lance N. Owen*, for appellant.
*Richard T. Bridges*, for appellee.