S08F1251. JOHNSON v. JOHNSON.
(667 SE2d 350)

BENHAM, Justice.

Appellant Tanya Johnson ("Wife") and appellee Keith Johnson ("Husband") were married in December 1999 and are the parents of two minor children. Husband filed a complaint for divorce in January 2006, and the final judgment and decree of divorce was entered on November 20, 2007. We granted Wife's application for discretionary review.[1]

While the divorce action was pending, Wife filed a motion for contempt for nonpayment of temporary child support. In response, Husband filed a motion for a downward modification of the temporary child support award. The trial court held Husband in contempt of the original temporary child support order because of an arrearage of $10,200 and Husband was ordered to pay $5,000 or otherwise be incarcerated. Husband timely purged the contempt with a payment of $5,000. Thereafter, the trial court issued an order which modified the original temporary support order by requiring Husband to make two equal payments of $404.24 per month for child support and an additional $100 per month to make up for the remaining $5,200 arrearage. The trial court also eliminated Husband's spousal support obligation and denied both parties' requests for attorney fees. In the final judgment and decree of divorce, the trial court ordered Husband to pay $935.31 per month for child support, as well as the extra $100 a month for arrearage. Per the Child Support Addendum to the Final Divorce Decree, child support payments were to commence December 1, 2007, and thereafter be made on the first and fifteenth

---

[1] The application was granted pursuant to this Court's Family Law Pilot Project in which we grant all non-frivolous applications from the entry of a judgment and decree of divorce. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

day of the month in equal installments of $467.66. The only adjustment made to the child support calculations was to raise Husband's income to reflect an extra $875 of income based on the trial court's finding that Husband, who was a police officer, lived in an apartment rent-free in exchange for providing off-duty security services for his apartment complex. Wife was ordered to maintain employer-sponsored health insurance premiums on the children and divide equally with Husband any medical/dental expenses not covered by insurance. Husband was ordered to pay $2,500 in attorney fees to Wife by January 1, 2009.

1. Wife alleges the trial court erred by failing to include the children's private school tuition in the child support calculations. This assertion is unfounded. "Extraordinary educational expenses" may be factored in as a deviation to the presumptive amount of child support, but are not required to be factored into the child support calculation. See OCGA § 19-6-15 (i) (2) (J) (i). A trial court is only required to make findings of fact if a deviation is applied altering the presumptive child support amount. OCGA § 19-6-15 (i) (1) (B). See *Messaadi v. Messaadi*, 282 Ga. 126 (2) (646 SE2d 230) (2007). In this case, the trial court adhered to the child support obligation table (OCGA § 19-6-15 (o)) and enforced the presumptive amount of child support and, therefore, was not required to make any fact findings or explain its decision to forego applying the children's private school tuition to the child support calculations. See *Eubanks v. Rabon*, 281 Ga. 708 (1) (642 SE2d 652) (2007) (findings of fact required only when deviations are made and support guidelines are not applied). Therefore, the trial court did not err in leaving such expenses out of the calculations of the temporary and final child support awards.

2. Although Wife is correct that the temporary modification order did not include dates for commencement of modified payments, but only advised that the modified support award would be paid in two equal installments of $404.24 "until further Order of the Court," her complaint about such oversight does not otherwise constitute reversible error. The record reveals the original temporary order required Husband to make all support payments on the fifteenth and thirtieth day of each month. This original time for payment was not altered by any subsequent order modifying the amount of support and, therefore, it remained in effect through to the final judgment and decree of divorce at which point the time for payment was changed to the first and fifteenth of the month.[2]

---

[2] Since the order modifying the temporary support award was made nunc pro tunc to August 28, 2007, Husband was due to make the first modified payment on September 15, 2007, the second modified payment on September 30, 2007, and so on until November 20, 2007, when the final judgment and decree of divorce was entered.

3. Wife next complains the trial court erred when it failed to award her attorney fees for finding Husband in wilful contempt of the original temporary support order. She further complains that the award of $2,500 in attorney fees granted in the divorce decree is inadequate and that the trial court erred in allowing Husband to have until January 1, 2009 to pay the fees. We find no error.

OCGA § 19-6-2 (a) (1) provides in pertinent part:

> (a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:
>
> (1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party; . . .

Therefore, the trial court had broad discretion to set the amount and terms of payment for any award of attorneys' fees. Id.; *McDonogh v. O'Connor*, 260 Ga. 849, 850 (400 SE2d 310) (1991). Contrary to Wife's argument, any alleged misconduct by Husband, including allegedly being disingenuous regarding his sources of income during discovery and at trial, is irrelevant to the award of attorney fees pursuant to OCGA § 19-6-2. As we stated in *Findley v. Findley*, 280 Ga. 454, 463 (2) (629 SE2d 222) (2006): "The purpose of an award pursuant to OCGA § 19-6-2 is 'to ensure effective representation of both spouses so that all issues can be fully and fairly resolved.' [Cit.] It is not predicated upon a finding of misconduct. . . ." Other than disagreement with the amount awarded and time for compliance, Wife has failed to come forward with any evidence the trial court abused its discretion. Accordingly, the trial court's judgment as to attorney fees is affirmed. *Woodward v. Woodward*, 245 Ga. 550 (2) (266 SE2d 170) (1980) (absent a showing of an abuse of discretion, attorney fee award was affirmed).[3]

4. In the final judgment and decree of divorce, the trial court assigned responsibility for health insurance premiums for the chil-

---

[3] Likewise, Wife has failed to show any abuse of discretion in allowing Husband to cure his remaining $5,200 child support arrearage by paying an extra $100 a month. Id.

dren to Wife under her employer-sponsored health insurance plan, although Husband had maintained the children on his employer-sponsored health insurance plan throughout the marriage and while the divorce was pending. Wife alleges this change was error since neither party placed the matter in issue. We disagree. The divorce complaint raised the issue of health insurance policies, including those obtained through employment. Accordingly, the matter was in issue and within the trial court's discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Divida Gude*, for appellant.
*Joseph R. Baker*, for appellee.