### S09F1313. TURNER v. TURNER.
(684 SE2d 596)

THOMPSON, Justice.

Raymond and Jessica Turner were married in 1999 and had two children. Raymond filed for divorce in January 2008. The parties reached a partial settlement agreement which provided, inter alia, that husband and wife would share joint legal and physical custody of their two minor children, the custody arrangement being structured so husband is to have physical custody of the children from Friday a.m. until Tuesday a.m., and wife is to have physical custody from Tuesday a.m. through Friday a.m., with exceptions for holidays and other special occasions. Husband also agreed to pay wife $11,000 representing her interest in the marital residence. Left unresolved and submitted to the trial court for determination were issues of child support and the division of extracurricular expenses. The parties waived a hearing, and after an in-chambers conference, the court entered a final judgment and divorce decree which incorporated the partial settlement agreement, ordered husband to pay $552.09 in monthly child support, and apportioned the expenses for the children's extracurricular activities two-thirds to husband and one-third to wife. This Court granted husband's application for discretionary review pursuant to the Family Law Pilot Project.[1]

1. The trial court's order includes a finding that husband earned gross monthly income of $5,483.56, approximately 65 percent of the parties' combined income. After determining a basic child support obligation of $1,582 for the parties' two minor children, the court calculated husband's pro rata share of the basic child support obligation to be $986.75. As evidenced in Schedule E attached to the court's order, however, the court applied a parenting time deviation of $434.66, reducing husband's monthly child support obligation to $552.09. See OCGA § 19-6-15 (i) (2) (K). Husband does not on appeal challenge the court's decision to deviate from the presumptive child support obligation. Instead, he contends the trial court erred by failing to explain how the court calculated the deviation and failing to include express findings that the deviation was in the best interests of the children and would not seriously impair his ability to

---

[1] Pursuant to the Family Law Pilot Project, this Court grants all non-frivolous applications seeking review of a judgment and decree of divorce. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

provide for the children. We agree.

Because the trial court's order in this case was entered after July 1, 2008, the revised child support guidelines in OCGA § 19-6-15, including the 2008 amendments thereto, are applicable. See *Rumley-Miawama v. Miawama*, 284 Ga. 811 (1) (671 SE2d 827) (2009). The revised guidelines permit the factfinder to deviate

> from the presumptive amount of child support when special circumstances make the presumptive amount of child support excessive or inadequate due to extended parenting time as set forth in the order of visitation or when the child resides with both parents equally.

OCGA § 19-6-15 (i) (2) (K) (i). See also OCGA § 19-6-15 (b) (8) (J). Where a deviation is determined to apply and the factfinder deviates from the presumptive amount of child support, the order must explain the reasons for the deviation, provide the amount of child support that would have been required if no deviation had been applied, and state how application of the presumptive amount of child support would be unjust or inappropriate and how the best interest of the children for whom support is being determined will be served by the deviation. OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). In addition, the order must include a finding that states how the court's or jury's application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support. OCGA § 19-6-15 (c) (2) (E) (iii). Because the court in this case applied a discretionary parenting time deviation from the presumptive amount of child support but failed to make all of the findings required under OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B), we reverse the trial court's final judgment and remand this case to the trial court for further proceedings consistent with this opinion.

2. We address husband's challenge to the trial court's apportionment of the expenses of the children's extracurricular activities because that issue is likely to recur on remand. The trial court's order requires husband to pay two-thirds of the children's extracurricular activities. Husband contends he is paying twice for the cost of extracurricular activities because such costs are included in the presumptive amount of child support. See OCGA § 19-6-15 (i) (2) (J) (ii).

The language of OCGA § 19-6-15 (i) (2) (J) (ii) makes clear that a portion of the basic child support obligation is intended to cover average amounts of special expenses for raising children, including the cost of extracurricular activities. If a factfinder determines that the full amount of special expenses described in that division exceeds seven percent of the basic child support obligation, the "additional

amount of special expenses shall be considered as a deviation to cover the full amount of the special expenses.'' Id. Such a deviation must then be included in Schedule E of the Child Support Worksheet and, as with other deviations from the presumptive amount of child support, the factfinder must make the required written findings. See OCGA § 19-6-15 (i) (1) (B).

The trial court here made no provision in its Schedule E for a deviation for special expenses. Instead, the court included a provision in the final judgment apportioning among the parties the entire cost of the children's extracurricular expenses using essentially the same ratio as applied to the basic child support obligation. This a court is no longer entitled to do. Under the revised guidelines, a court may only deviate from the presumptive child support amount based on special expenses incurred for child-rearing, including extracurricular expenses, by complying with OCGA § 19-6-15 (i) (2) (J) (ii) (defining ''special expenses'' as certain child-rearing expenses exceeding seven percent of basic child support obligation) and OCGA § 19-6-15 (i) (1) (B) (requiring written findings for all deviations). Thus, while the court was free to reject husband's claim for a deviation from the presumptive child support amount based on the cost of the children's extracurricular activities, see *Johnson v. Johnson*, 284 Ga. 366, 367 (1) (667 SE2d 350) (2008), it was without authority to make a separate child support award, one outside the parameters of the Child Support Worksheet, based on the cost of such activities.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Smith, Welch & Brittain, Pandora E. Palmer, Katherine E. Fagan*, for appellant.
*Edea M. Caldwell*, for appellee.