## S11F1506. ELLIS v. ELLIS.

(724 SE2d 384)

HUNSTEIN, Chief Justice.

Appellant Karen W. Ellis ("Wife") appeals the Final Order in her divorce action against Appellee Marlon Ellis ("Husband") on the grounds that the trial court improperly calculated Husband's self-employment income and refused to consider the minor child's cheerleading expenses as a special expense for purposes of deviating from the statutory support guidelines. We hold that the trial court's findings were within its discretion and affirm the Final Order.

Wife filed for divorce on June 23, 2009. The parties attended mediation and resolved all issues except child support and the division of certain property. This appeal involves only the amount of child support owed to Wife.

Husband is self-employed in the heating and air conditioning business. At the bench trial, the parties presented conflicting evidence regarding Husband's income as a basis for awarding child support. In order to determine Husband's income, the trial court considered the testimony of the parties, the parties' 2008 joint tax return, bank statements from six intermittent months in 2009, Husband's profit and loss statement, and competing domestic relations financial affidavits and child support worksheets from the parties.

Husband submitted a financial affidavit listing his monthly income as $3,000 — the monthly salary he paid himself out of the business. He also submitted a child support worksheet listing his monthly income as $4,474. Wife submitted a child support worksheet asserting that Husband's monthly income was $20,446.25, a number derived from the total amount of deposits reflected in the six months of bank statements entered into evidence. The trial court found that neither the $3,000 nor the $20,446.25 listed on the parties' respective documents accurately reflected Husband's income. The trial court noted that as the Husband is self-employed, his income is equal to the net profit of his business, not his salary nor his business's gross receipts. Considering all the evidence, the trial court found that the $4,474 monthly net business profit listed on Husband's child support worksheet and supported by Husband's profit and loss statement was the most "credible" calculation of Husband's monthly income.

Wife provided extensive testimony at trial regarding the minor child's involvement in competitive cheerleading and sought a deviation from the statutory guidelines for that special expense. Wife's documents and testimony reflect differing amounts for the cheerleading expense, ranging from $237 per month to $385 per month. The trial court held that the cheerleading expense was not a

"necessity" and declined to deviate from the statutory guidelines.

1. In the appellate review of a bench trial, this Court will not disturb the trial court's factual findings unless they are clearly erroneous. *Langley v. Langley*, 279 Ga. 374 (2) (613 SE2d 614) (2005). Rather, we will give due deference to the trial court, acknowledging that it has the opportunity to assess the credibility of the witnesses. Id. As such, the trial court is authorized to resolve conflicts in the evidence. *Miller v. Miller*, 288 Ga. 274 (3) (705 SE2d 839) (2010).

OCGA § 19-6-15 (f) (1) (B) defines income from self-employment as gross receipts minus ordinary and reasonable expenses required for business operations. Generally, "income and expenses from self-employment or operation of a business should be carefully reviewed by the court or the jury to determine an appropriate level of gross income available to the parent to satisfy a child support obligation." Id.

Here, the parties presented conflicting evidence with regard to Husband's self-employment income. The trial court properly considered all the evidence and specifically rejected the number submitted by Wife, because that number represented gross receipts and did not take into account the reasonable expenses of running a business. The trial court also discarded the $3,000 figure provided by Husband, because the financial documents reflected that in addition to paying himself $3,000 per month in salary, Husband was also paying some of his personal bills through the business.

Neither party hired an accounting expert to determine Husband's monthly income. Rather, as the trial court observed in the hearing on the motion for reconsideration, the parties presented "just kind of a mess thrown up to the Court" which it then had the "opportunity and privilege of sorting . . . in trying to figure out the truth." Ultimately, based on all the evidence and the credibility of the testimony, the trial court determined that $4,474, listed in Husband's child support worksheet, was the most "credible" figure presented. As the trial court carefully reviewed all of the evidence provided before reaching its conclusion, there is no clear error in the trial court's determination of Husband's monthly income.

2. The statutory child support guidelines provide that a trial court may deviate from the presumptive amount of child support in the event of special expenses incurred for child rearing, including school-sponsored extracurricular activities. OCGA § 19-6-15 (i) (2) (J) (ii). However, a trial court is free to reject a claim for a deviation from the presumptive child support amount. *Turner v. Turner*, 285 Ga. 866 (2) (684 SE2d 596) (2009). Here, the trial court "adhered to the child support obligation table (OCGA § 19-6-15 (o)) and enforced the presumptive amount of child support" and, therefore, did not

abuse its discretion in declining to add the child's cheerleading expenses to the child support calculations. See *Johnson v. Johnson*, 284 Ga. 366, 367 (1) (667 SE2d 350) (2008) (holding trial court did not err in declining to apply the children's private school tuition in child support calculations). Therefore, the trial court did not err in leaving the cheerleading expenses out of the calculation for the child support award.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Divida Gude*, for appellant.
*L. Zammit Sudul*, for appellee.