S12A1803. EAST v. STEPHENS.
(740 SE2d 156)

BLACKWELL, Justice.

When Leon East and Donia Stephens were divorced in 2002, they entered a settlement which was incorporated into their divorce decree. By their settlement, East and Stephens agreed that Stephens would have custody of their two minor children, and East would pay $125 each week to Stephens as child support and would reimburse Stephens for certain miscellaneous expenses that she incurred for the benefit of the children, including "one-half of the minor children's school expenses."[1] East later petitioned for a modification of the decree, and the trial court granted that petition in part in March 2011, directing East to pay $904 each month to Stephens as child support. The order of modification said nothing expressly about miscellaneous expenses, but it specified that any and all other

---

[1] The settlement specified that the miscellaneous school expenses include "lunches; snacks; school supplies; clothing; and extracurricular activities."

provisions of the incorporated settlement "not modified herein shall remain in full force and effect."

Following the modification, Stephens moved to have East held in contempt for, among other things, his failure to pay half of miscellaneous expenses that she incurred on behalf of the children in the amount of $991.89. In the final contempt order, entered in February 2012, the court below held East in contempt for that failure, as well as other failures to meet his court-ordered obligations. The court specifically rejected East's contention that the March 2011 modification discontinued and superseded his obligation in the 2002 decree and incorporated settlement to pay half of the miscellaneous expenses. In that regard, the court found that the issue of miscellaneous expenses had not been raised in the final modification hearing, that the court would not have had jurisdiction to modify the miscellaneous expense provision, and that the March 2011 modification left such provisions of the original decree in full force and effect. East appeals,[2] contending that he could not be held in contempt for failing to pay miscellaneous expenses for the children when the modification order directed him to pay the presumptive child support amount and made no deviation for miscellaneous expenses. We agree and therefore reverse the final contempt order to the extent that East was held in contempt for failure to pay a portion of the miscellaneous expenses that Stephens incurred for the benefit of the children.[3]

"Child support guidelines apply not only to initial determinations of child support, but also to modification actions," *Eubanks v. Rabon*, 281 Ga. 708, 711 (2) (642 SE2d 652) (2007) (citations and punctuation omitted), and the type of expenses at issue in this case are governed by the child support guidelines. See OCGA § 19-6-15 (i) (2) (J) (ii); *Turner v. Turner*, 285 Ga. 866, 867-868 (2) (684 SE2d 596) (2009). So, contrary to one of the findings of the court below, it clearly had jurisdiction to modify the miscellaneous expense provision as part of its modification of child support pursuant to the guidelines. And in fact, the court exercised that authority when, in an interlocutory order that governed the obligations of the parties while the petition to modify was pending, the court directed that the miscellaneous expense provision "shall no longer apply." Having established the court's *authority* in this regard, we will next more closely examine the court's *duties* under the statutory child support guidelines.

---

[2] We granted an application for discretionary review that East had timely filed pursuant to OCGA § 5-6-35 (a) (2) in the Court of Appeals, which properly transferred the case to this Court.

[3] Our judgment does not affect the other findings of contempt entered by the trial court, which are not challenged in this appeal.

Those guidelines must be considered by any court setting child support, "are a minimum basis for determining the amount of child support[,] and shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent. OCGA § 19-6-15 (c) (1)." *Roberts v. Tharp*, 286 Ga. 579, 580 (1) (690 SE2d 404) (2010) (punctuation omitted). Accordingly, the court below was *required* to apply the guidelines to any redetermination of child support. Id.; *Turner*, 285 Ga. at 867-868 (2). And when child support is redetermined under the guidelines, an obligation to reimburse miscellaneous child-rearing expenses cannot be continued or imposed unless the court deviates in its order of modification from the presumptive child support amount by complying with OCGA § 19-6-15 (i) (2) (J) (ii) and making written findings as required by OCGA § 19-6-15 (i) (1) (B). *Turner*, 285 Ga. at 868 (2).

Here, the issue of a deviation for miscellaneous expenses was not raised at the time of the final modification hearing, and it was not addressed explicitly in the March 2011 modification order. Because the court below neither found a deviation from the presumptive amount nor specifically addressed the miscellaneous expense provision "other than by a statement that all provisions of the divorce decree not modified were to remain the same . . . , it did not apply the guidelines" to miscellaneous expenses, *Eubanks*, 281 Ga. at 711 (2), as it was required to do if East was to continue to be required to pay such expenses. *Turner*, 285 Ga. at 868 (2). See also *Stowell v. Huguenard*, 288 Ga. 628, 632 (706 SE2d 419) (2011).

Stephens contends that we should construe the March 2011 modification order as requiring payment of miscellaneous expenses because the order purports to leave other provisions of the incorporated settlement "in full force and effect." But, "[w]hen a judgment is susceptible of two meanings, one of which would render it illegal and the other proper, that construction will, if reasonably possible, be given it that would render it legal." *Clark v. Bd. of Dental Examiners of Ga.*, 240 Ga. 289, 294 (5) (240 SE2d 250) (1977) (citation omitted). Consistent with this principle, the only legal construction of the March 2011 modification order is that it lawfully encompasses and modifies the entire child support obligation including the duty to pay any miscellaneous expenses, especially in light of the temporary order discontinuing the miscellaneous expense provision and the absence of any findings regarding deviation. Because the March 2011 order modified child support without any deviation for miscellaneous expenses, it did not leave the miscellaneous expense provision "in full

force and effect," and East therefore could not be held in contempt of the modification order for failure to pay a portion of the miscellaneous expenses.[4]

*Judgment reversed. All the Justices concur, except Hunstein, C. J., and Melton, J., who concur in judgment only.*

DECIDED MARCH 18, 2013.

*Jones & Erwin, Anthony B. Erwin*, for appellant.
*Joseph D. Little*, for appellee.

---

[4] Even if we were to conclude instead that the March 2011 modification order is ambiguous as to the prior miscellaneous expense provision, East still could not be held in contempt for failure to comply with that provision. See *Morgan v. Morgan*, 288 Ga. 417, 419 (1) (704 SE2d 764) (2011).