302 Ga. 500
FINAL COPY

S17F0985.  LUTZ v. LUTZ.

Benham, Justice.

This appeal stems from a discretionary application for review which we granted pursuant to former Supreme Court Rule 34 (4).[1]   Appellant Leland Lutz ("Husband") appeals the final judgment and decree of divorce, as well as the trial court's order granting attorney fees to appellee Deborah Lutz ("Wife"). For the reasons set forth below, we affirm in part, reverse in part, and remand with direction.

The relevant facts are set forth as follows.  The parties were married in 1997.  Husband worked as an attorney during the course of the marriage and Wife worked primarily at home caring for the parties' three children; however, Wife had a master's degree in education and returned to the workforce as a teacher in 2013.  In July 2014, the parties separated and

---

[1] The notice of appeal was filed prior to January 1, 2017, the effective date of the Appellate Jurisdiction Reform Act, and so this Court — not the Court of Appeals — has jurisdiction over this case. See Ga. L. 2016, p. 883, §§ 3-1, 6-1 (c) (as of effective date, shifting subject matter jurisdiction over "[a]ll divorce and alimony cases" from this Court to the Court of Appeals).

Husband filed for divorce in April 2015.  The trial court granted the parties a divorce after a four-day bench trial in May and June of 2016.

*Trial Evidence Regarding Husband's Income*

At trial, Husband testified as follows about his income.  He stated on direct examination that his gross monthly income was $36,477.50, or $437,730 annually, which was the amount he provided in his financial affidavit dated May 1, 2016.  Husband stated this income amount was based on an annual base salary of $325,000, as well as a bonus he received in 2016 in the amount of $104,412.[2]  In addition, the evidence showed Husband received fringe benefits from his employer, including a car allowance. Husband testified that he had placed the 2016 bonus check, which was for a net amount of approximately $67,000 after taxes, in a drawer for safekeeping and had not deposited or spent it.  In regard to his annual base salary of $325,000, Husband stated that amount reflected raises he received in January and April of 2016.

On the child support worksheet, Husband stated his gross monthly salary was $35,515.92, or $426,191.04 annually, inclusive of the 2016 bonus. Husband testified this gross salary amount was different from the gross salary

---

[2] Although not guaranteed, Husband had earned an annual bonus from his employer from 2011 through to 2016.  The bonus amount increased year-to-year.

amount he listed in his income affidavit because it reflected the amount he had actually earned during the year-to-date. That is, the gross monthly salary Husband listed on the child support worksheet only reflected the pro rata portions of the increases he received to his base salary in January and April of 2016.

*The Final Judgment and Decree of Divorce and Attorney Fees Order*

The trial court issued the final judgment and decree of divorce on July 11, 2016. In the body of the divorce decree, the trial court made the following factual findings as to Husband's income:

> Husband now works as General Counsel for a large and successful corporation earning approximately $437,724 annually. Additionally, Husband is eligible for an annual bonus. In 2016, he has been given a bonus of $104,000.[3]
>
> . . .
>
> As stated previously, Husband earns $437,724 per year, plus the opportunity for an annual bonus.[4]

The trial court found that Wife's annual income, as a teacher, was $42,000.

The trial court awarded Wife monthly alimony in the amount of $6,850 to be payable until July 1, 2024, or Wife's remarriage, or the death of either

---

[3] This language appears in a paragraph included in the trial court's "Findings of Fact."

[4] This language appears in the paragraph awarding alimony to Wife.

3

party.[5]  As part of the equitable division of the marital property, the trial court ordered Husband to pay Wife a lump sum payment of $35,000 from his 2016 bonus.[6]  Finally, the trial court ordered Husband to pay $4,089 in monthly child support consistent with the child support worksheet that listed Husband's gross year-to-date income as $426,191.04.  The child support worksheet was incorporated into and attached to the final judgment and decree of divorce.

At trial, there was evidence that both parties used their joint bank account to pay some of their attorney fees.  The total amount of attorney fees spent from the joint bank account was approximately $90,000.  The parties filed cross-motions for attorney fees and the trial court held a hearing on the issue on August 29, 2016.  Pursuant to OCGA § 19-6-2, the trial court awarded Wife attorney fees in the amount of $48,116.80[7] and ordered Husband to pay the award to Wife's attorney in 36 monthly installments of $1,337.

---

[5] At trial, Husband testified he was willing to pay Wife $5,300 a month as alimony for a period of five years.  Wife requested monthly alimony in the amount of $6,850, testifying that some of the funds would be used for private school for the parties' two youngest children if the parties could agree.

[6] The transcript from the hearing on attorney fees shows Husband has already paid this amount to Wife.

[7] The trial court found that Wife had actually incurred a total of $77,818.50 in attorney fees and found that the total amount of these fees was reasonable.

4

1. Husband complains the trial court abused its discretion when it declined to grant his motion in limine, requesting that Wife's forensic accounting expert be excluded from testifying at trial because of Wife's failure to identify the expert in a supplemental interrogatory response. Husband did not raise this issue in his application for discretionary review and so it is not properly before us for review. See Zekser v. Zekser, 293 Ga. 366 (2) (744 SE2d 698) (2013).

2. "In the appellate review of a bench trial, this Court will not disturb the trial court's factual findings unless they are clearly erroneous. [Cit.]" Ellis v. Ellis, 290 Ga. 616 (1) (724 SE2d 384) (2012). Husband complains that the trial court misstated his income in the body of the final judgment and decree of divorce and argues, therefore, its decisions regarding alimony and the award of attorney fees are also erroneous. Both parties assert in their briefs that the proper statement of Husband's gross income is set forth in the child support worksheet as $426,191.04, and agree that the income stated in the body of the final judgment and decree of divorce and the incorporated child support worksheet should match. Husband also takes issue with the language of the divorce decree, to the extent that it states that his 2016 bonus is in addition to, rather than included in, his gross annual income.

5

We note that the figure of $437,724, which the trial court states as Husband's annual income, does have some factual support in the record. Husband testified at trial and stated in his financial affidavit that his gross monthly income was $36,477.50, which annualizes to $437,730. Husband testified this amount recognized increases he received to his base salary in January and April 2016, but which had not been in effect for a full year at the time of trial. Although the trial court found the income was $437,724, as the parties concede, Husband's income is $426,191.04, the amount the trial court used to calculate child support.

What is more problematic than the difference between the salary amount listed in the divorce decree and the salary amount listed in the child support worksheet is the language in the divorce decree that states Husband's 2016 bonus was in addition to, rather than inclusive of, his gross annual salary. This language has the effect of making Husband's gross annual income more than $100,000 greater than what the evidence shows. While the language in question could simply be a scrivener's error, as Wife argues, we can only take the language at face value, and a $100,000 discrepancy is too large to ignore. Because the language in the body of the divorce decree misrepresents Husband's salary, the divorce decree is reversed in part.

Georgia's alimony statute requires a trial court to consider the parties' "financial resources" when making an award. See OCGA § 19-6-5 (a) (4). Similarly, OCGA § 19-6-2 (a) (1) requires a trial court to consider the parties' "financial circumstances" when awarding attorney fees under that statute. While the gross income of the parties is only one of many factors that may be considered in evaluating the parties' respective financial resources or circumstances, it is an important one and should be based on accurate information. See, e.g., <u>Franklin v. Franklin</u>, 294 Ga. 204 (1) (751 SE2d 411) (2013) (trial court's erroneous statement of wife's gross income required partial reversal of the final decree of divorce). Since the final judgment and decree of divorce is partially reversed to the extent it relies on an inaccurate statement of Husband's income, the alimony award and the attorney fee order are also reversed.[8] The matter is remanded so that the trial court may reconsider its rulings on alimony and attorney fees, taking into account that Husband's gross annual salary is $426,191.04, *inclusive* of his 2016 bonus.

---

[8] We need not reach Husband's enumeration of error that the trial court's award of attorney fees to Wife was an abuse of discretion based on the argument that the rulings made in the final divorce decree "reversed" any "substantial financial disparity" between the parties.

3. A bonus received from an employer for work performed must be included in the child support calculation because it is a source of income. See OCGA § 19-6-15 (f) (1) (A) (iv). Husband contends it was error for the trial court to use his 2016 bonus to calculate his child support obligation and to also make an equitable division and distribution of a portion of the bonus as a lump sum payment to Wife. Husband does not dispute that his 2016 bonus was for work performed during the parties' marriage. As such, it is marital property and may be subject to equitable division. See, e.g., Brock v. Brock, 279 Ga. 119 (2) (610 SE2d 29) (2005). The fact that the bonus is a source of income for Husband for the purposes of calculating child support does not prohibit the trial court from equitably dividing and distributing it as marital property. See Miller v. Miller, 288 Ga. 274 (1) (705 SE2d 839) (2010) ("We join those courts which have rejected outright a double-dipping claim with respect to child support, reasoning that as between parent and child, the . . . asset subject to property division is not being counted twice." (Citations and punctuation omitted)). See also Hughes v. Hughes, 95 Conn. App. 200 (III) (895 A2d 274) (2006). The trial court did not abuse its discretion when it awarded Wife $35,000 of Husband's 2016 bonus.

8

4.  All other rulings of the trial court not specifically addressed herein are affirmed.

Judgment affirmed in part and reversed in part, and case remanded with direction.  All the Justices concur.


Decided October 30, 2017.

Domestic relations. Fulton Superior Court. Before Judge Barwick.

Hill-Macdonald, Vic. B. Hill, Brad E. Macdonald, for appellant.

Bovis, Kyle, Burch & Medlin, Charles M. Medlin, Erica F. Byrd; Bonnie M. Rich, for appellee.