## S08F0984. LEGGETTE v. LEGGETTE.

(668 SE2d 251)

SEARS, Chief Justice.

The appellant, Lester Leggette, appeals from a final decree of divorce in which he was required to pay $4,000 per month in child support for the parties' three children. On appeal, Mr. Leggette contends that the trial court erred by permitting the appellee, Susan Leggette, to question him at trial regarding checks that had been paid to him but that he had not deposited into his bank account. Mr. Leggette also contends that the trial court erred in awarding Ms. Leggette attorney fees of $28,423.25. For the reasons that follow, we find no error with regard to questions about the undeposited checks, but conclude that we must reverse the award of attorney fees and remand the case to the trial court for further proceedings.

1. On cross-examination about checks that he had received for work as an anesthetist, Mr. Leggette testified that, over the one-year period preceding trial, he had not deposited many checks that he had received for his business and that the undeposited checks were in a safe at his home. On appeal, Mr. Leggette contends that, although he had not disclosed all of the checks that he had received from his work, he had disclosed the total amount of his income to Ms. Leggette and that this line of questioning unfairly and incorrectly implied that he was concealing income from her.

Mr. Leggette, however, did not object in a timely manner to this questioning. The record shows that Ms. Leggette questioned Mr. Leggette at some length about the undeposited checks before Mr. Leggette objected on the ground of relevancy. The record also shows, however, that the trial court did not rule on the objection and that more questioning regarding the undeposited checks ensued. Mr. Leggette objected again, and the trial court overruled the objection. Because Mr. Leggette did not object to evidence about the undeposited checks when the subject was first discussed and because extensive testimony regarding the undeposited checks occurred before Mr. Leggette objected to the evidence and obtained a ruling from the trial court, Mr. Leggette is barred from raising objections on appeal to evidence regarding the undeposited checks.[1]

Moreover, even assuming that the objection that Mr. Leggette eventually made was timely, we conclude that the trial court did not abuse its discretion in overruling the objection, as Ms. Leggette was

---

[1] See *Cobb v. State*, 283 Ga. 388, 390 (658 SE2d 750) (2008) ("A party must object to evidence the first time it is offered, and the failure to do so is a waiver of any objection to the evidence that the party might have had."). Accord *Stephens v. State*, 270 Ga. 354, 360 (509 SE2d 605) (1998); *Guthrie v. Bank South*, 195 Ga. App. 123, 126 (393 SE2d 60) (1990).

entitled to inquire whether Mr. Leggette's deposited and undeposited checks matched the amount of income reported by Mr. Leggette.[2]

2. Mr. Leggette next challenges the trial court's award of attorney fees. We conclude that the award must be reversed.

In Ms. Leggette's motion for attorney fees, she did not specify the statute under which she requested the award. On the morning of the hearing regarding the motion, Ms. Leggette filed a brief in support of her motion for attorney fees, and contended that attorney fees were justified under both OCGA § 19-6-2 (a) (1) and OCGA § 9-15-14 (b).[3] In its award of attorney fees, the trial court did not specify whether it was awarding fees under OCGA § 19-6-2 or § 9-15-14 and did not make any findings in support of its award. We have held that, if a trial court fails to make findings of fact sufficient to support an award of attorney fees under either OCGA § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for "an explanation of the statutory basis for the award and any findings necessary to support it."[4] Accordingly, under the foregoing authority, the award must be reversed and the case remanded for further proceedings.[5]

*Judgment affirmed in part, reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Perry & Walters, George P. Donaldson III, Misty G. Haskins*, for appellant.
*W. Edward Meeks, Jr.*, for appellee.

---

[2] *Moxley v. Moxley*, 281 Ga. 326, 326 (638 SE2d 284) (2006) (relevancy doubts to be resolved in favor of admitting evidence; trial court exercises discretion in determining whether to admit evidence over a relevancy objection, and appellate court may not reverse unless there has been a clear abuse of discretion).

[3] Because we reverse on a different ground, we need not decide whether Mr. Leggette received proper notice of the statute under which Ms. Leggette seeks the award of attorney fees. See *Williams v. Cooper*, 280 Ga. 145, 147 (625 SE2d 754) (2006).

[4] *Cason v. Cason*, 281 Ga. 296, 300 (637 SE2d 716) (2006). Accord *Wilson v. Wilson*, 282 Ga. 728, 734 (653 SE2d 702) (2007).

[5] The fact that the hearing on attorney fees was not transcribed does not require that we affirm the award, as our ruling is not " ' "dependent upon consideration of evidence heard by the trial court." ' " *Fine v. Fine*, 281 Ga. 850, 852 (642 SE2d 698) (2007) (quoting *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983)).