S10F1417. HOLLOWAY v. HOLLOWAY.

(702 SE2d 132)

MELTON, Justice.

Jeffrey Wayne Holloway (Husband) and Rachel Rebecca Holloway (Wife) separated and entered into a separation agreement dated December 9, 2009. Pursuant to this agreement, Husband took custody of the couple's younger daughter, Railey, and Wife took custody of the couple's older daughter, Kate. Using the mandatory child support guidelines of OCGA § 19-6-15, it is undisputed that Husband owed Wife child support in the amount of $550 per month, and Wife owed Husband $1,568 per month. The parties agreed that Wife would pay Husband $1,000 per month, the result of subtracting Husband's obligation to Wife and rounding the result to an even number. To set forth this understanding, the separation agreement states:

> Wife shall pay to Husband as child support for the support and maintenance of Railey Rebecca Holloway the sum of $1,000 per month . . . . Because of the difference in income, Husband shall not be required to pay Wife for the support and maintenance of Elizabeth Kate Holloway.

In addition, Husband agreed to maintain health insurance on both children and has properly done so. The parties agreed, however, that this payment by Husband for insurance would not be used to offset

any of his support obligations on required child support worksheets. The record shows that, prior to signing the separation agreement, Wife, a well-educated pharmacist, consulted with an attorney who went over the document with her line by line. At all times, Wife indicated that she fully understood the agreement, and she signed it to achieve finality as soon as possible. Subsequently, the trial court incorporated the quoted language of the agreement into the final divorce decree, which was issued on January 11, 2010.

On February 1, 2010, Wife filed a motion for a new trial or, in the alternative, to set aside the divorce decree. As the basis for her challenge, Wife argued that the divorce decree contains a deviation from the child support guidelines without including any findings stating why the deviation was appropriate. Based on evidence that the agreement was the product of Wife's voluntary negotiation, the trial court denied Wife's claims, stating that the $18 differential from the guidelines was not a proper basis for negating the divorce decree. The trial court also assessed attorney fees against Wife in the amount of $1,000. Wife appeals these rulings.

1. As an initial matter, we must point out that

> [a] motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon. Under OCGA § 9-11-52 (c), a motion for new trial may be used in addition to the filing of motions to amend in attacking fact findings, by the court in non-jury trials, contained in the entered judgment. Examples of defects in general which have been held amendable and not subject to motion to set aside include matters such as the court's failure to state findings of fact and conclusions of law. Therefore, a motion for new trial, but not a motion to set aside, is a proper means by which the movant can complain of the trial court's failure to comply with the child support guidelines in OCGA § 19-6-15, including the failure to make findings required thereby.

(Citations and punctuation omitted.) *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (2) (690 SE2d 397) (2010).

In this case, it is undisputed that there is, at least, an $18 difference in the amount of child support mandated by the child support guidelines and that which is actually being paid by the parties. Husband contends that the parties did not intend for this amount to be a deviation from the child support guidelines. The statute, however, controls, and it indicates that a deviation means "an increase or decrease in the presumptive amount of child support." Under this

definition, the parties' agreement, as well as the trial court's order incorporating that agreement, contains a deviation.

When incorporating a child support deviation into a divorce decree, OCGA § 19-6-15 makes certain findings mandatory.

> Where a deviation is determined to apply and the factfinder deviates from the presumptive amount of child support, the order must explain the reasons for the deviation, provide the amount of child support that would have been required if no deviation had been applied, and state how application of the presumptive amount of child support would be unjust or inappropriate and how the best interest of the children for whom support is being determined will be served by the deviation. OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). In addition, the order must include a finding that states how the court's or jury's application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support. OCGA § 19-6-15 (c) (2) (E) (iii).

*Turner v. Turner*, 285 Ga. 866, 867 (1) (684 SE2d 596) (2009). In this case, the trial court's order contained none of these findings. As a result, we must reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Husband's contentions that Wife voluntarily agreed to this deviation which ultimately inured to her benefit cannot change this result. The child support guidelines were made mandatory to ensure that the best interests of the children were protected, and a self-interested agreement made by a parent cannot override this purpose. OCGA § 19-6-15 (c) (6) makes this clear. It provides:

> Nothing contained within this Code section shall prevent the parties from entering into an enforceable agreement contrary to the presumptive amount of child support which may be made the order of the court pursuant to review by the court of the adequacy of the child support amounts negotiated by the parties, including the provision for medical expenses and health insurance; *provided, however, that if the agreement negotiated by the parties does not comply with the provisions contained in this Code section and does not contain findings of fact as required to support a deviation, the court shall reject such agreement.*

(Emphasis supplied.) In this case, because the parties' separation

agreement did "not comply with the provisions contained in this Code section and [did] not contain findings of fact as required to support a deviation, the [trial] court [should have] reject[ed] such agreement." Id.

2. We must also reverse the trial court's award of attorney fees to Husband.

We have held that, if a trial court fails to make findings of fact sufficient to support an award of attorney fees under either [OCGA] § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for "an explanation of the statutory basis for the award and any findings necessary to support it." Accordingly, under the foregoing authority, the award must be reversed and the case remanded for further proceedings.

(Footnotes omitted.) *Leggette v. Leggette*, 284 Ga. 432, 433 (2) (668 SE2d 251) (2008). In this case, the trial court merely ordered Wife to pay attorney fees to Husband without findings of fact and without any cogent evidence of the work performed by Husband's counsel and the nature thereof. For these reasons, the award of attorney fees cannot stand. See, e.g., *Hughes v. Great Southern Midway, Inc.*, 265 Ga. 94 (1) (454 SE2d 130) (1995).

*Judgment reversed. All the Justices concur, except Benham, J., who concurs in Division 2 and in the judgment.*

DECIDED NOVEMBER 1, 2010.

*Brenda H. Trammell*, for appellant.
*Kelly & Kelly, Roy R. Kelly III*, for appellee.