S11A1896. BRANHAM v. BRANHAM.
(720 SE2d 623)

MELTON, Justice.
    Jenny Mae Nicholson f/k/a Branham (Wife) and William R. Branham (Husband) were divorced in June 2009. Starting on July 1, 2009, the final divorce decree requires Husband to pay periodic alimony to Wife in 120 monthly installments unless and until Wife dies, remarries, or cohabitates with someone else in a meretricious relationship. In addition, the decree requires Wife to pay the monthly mortgage on the marital home that she was awarded as part of the property settlement in the divorce. Husband fell behind on his alimony obligations, and Wife failed to keep up with the monthly mortgage payments. In November 2009, Husband filed a contempt action against Wife. In February 2010, Husband initiated a separate proceeding to cease or modify his alimony obligations, alleging that Wife was cohabitating with someone in a meretricious relationship. In January 2011, Wife then filed her own separate contempt action against Husband.
    The trial court set a consolidated bench trial for all three actions on March 10, 2011. After reviewing all of the evidence, the trial court found that: (1) Wife was in contempt for failing to make all mortgage payments on a timely basis; (2) Husband was in contempt for failing to pay Wife each installment of periodic alimony as it became due; and (3) Husband's petition to cease or modify his prospective alimony obligations based on Wife's meretricious relationship should be denied. Despite denying Husband's motion to modify prospective alimony payments, the trial court nevertheless reduced Husband's

---

[6] We note that the trial court gave a complete charge on justification as set forth in OCGA § 16-3-21.

obligation for unpaid periodic alimony that had accrued from July 1, 2009 through February 2011 to zero. Finally, since both parties had been found in contempt, the trial court ruled that each of the parties would be responsible for his or her own attorney fees.

Wife now appeals the trial court's orders, contending that the trial court erred by: (1) retroactively reducing Husband's alimony obligation; and (2) failing to grant Wife attorney fees pursuant to OCGA § 19-6-19 (b). For the reasons set forth below, we affirm in part and reverse in part.

1. Wife contends that the trial court erred by retroactively modifying Husband's alimony obligation. We agree. "Retroactive modification of an alimony obligation would vitiate the finality of the judgment obtained as to each past due installment. . . . [A] judgment modifying an alimony obligation is effective no earlier than the date of the judgment." *Hendrix v. Stone*, 261 Ga. 874, 875 (1) (412 SE2d 536) (1992). In its order, the trial court simply states that "any and all alimony arrearage owed by [Husband] up through and including February 29, 2011 shall be extinguished." This ruling is clearly contrary to the rule set forth in *Hendrix*, and it must be reversed.

2. Wife further contends that the trial court erred by failing to award her attorney fees pursuant to OCGA § 19-6-19 (b). This Code section provides:

> Subsequent to a final judgment of divorce awarding periodic payment of alimony for the support of a spouse, the voluntary cohabitation of such former spouse with a third party in a meretricious relationship shall also be grounds to modify provisions made for periodic payments of permanent alimony for the support of the former spouse. As used in this subsection, the word "cohabitation" means dwelling together continuously and openly in a meretricious relationship with another person, regardless of the sex of the other person. In the event the petitioner does not prevail in the petition for modification on the ground set forth in this subsection, the petitioner shall be liable for reasonable attorney's fees incurred by the respondent for the defense of the action.

The record shows, however, that directly after ruling that each party would be responsible for his or her own attorney fees, the trial court asked if the parties had any questions regarding his ruling. Wife did not question the award of attorney fees. Wife acquiesced in the trial court's ruling, she never requested attorney fees, and she failed to provide any evidence supporting a claim for attorney fees. Nonetheless, Wife now wishes to bring the trial court's ruling on

attorney fees into question for the first time on appeal. Wife has waived her right to pursue this argument. See, e.g., *Capital Land USA, Inc. v. Mitsubishi Motors Credit of America, Inc.*, 308 Ga. App. 71 (3) (706 SE2d 590) (2011); *McCall v. Walter*, 71 Ga. 287 (1883). As a result, the trial court's decision to have each party pay his or her own attorney fees stands.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Martin Snow, Jenny M. Stansfield, Stuart E. Walker*, for appellant.

*LeAnne P. Cooper, J. Scott Key*, for appellee.