S12F0846. WALLS v. WALLS.
(732 SE2d 407)

NAHMIAS, Justice.

This application for discretionary appeal of the parties' final judgment and decree of divorce was granted under Supreme Court Rule 34 (4). As explained below, we affirm most of the trial court's judgment. However, the divorce decree includes a deviation from the statutory child support guidelines without the written findings that are statutorily required to support the deviation. We therefore must reverse that part of the judgment and remand the case for a redetermination of child support.

1. Pamela Walls (Wife) and Todd Walls (Husband) were married in 1997 and have two children. On May 14, 2009, Husband filed a complaint for divorce, alleging that the marriage was irretrievably broken and that the parties should have joint legal and physical custody of the children. Wife answered, seeking primary physical and legal custody of the children, with Husband having liberal visitation. She also sought child support. Husband later amended his complaint, adding as a ground for divorce that Wife had engaged in adulterous conduct.

On March 4, 2011, after a bench trial, the trial court issued a final divorce decree. The court granted the divorce on the grounds of both Wife's uncondoned adultery and that the marriage was irretrievably broken. The decree ordered that the parties share joint legal custody of the children, awarded Husband primary custody, and granted Wife liberal visitation rights. The divorce decree incorporated by reference a child support worksheet, including Schedule E for deviations. See OCGA § 19-6-15 (c) (4) ("The child support worksheet and, if there are any deviations, Schedule E shall be attached to the final court order or judgment . . . ."). Based on the worksheet and Schedule E, the trial court found . . . . that Wife's presumptive amount of child support was $640.96 per month, but that a downward deviation of $83.20 was warranted for extraordinary medical expenses. See OCGA § 19-6-15 (i) (2) (J) (iii). The court therefore ordered Wife to pay monthly child support of $558.

2. Wife argues that the trial court erred in granting the divorce on the ground of adultery, because the evidence at trial showed that Husband voluntarily condoned her adultery. See OCGA § 19-5-4

(providing that no divorce shall be granted on the ground of adultery if there has been a voluntary condonation thereof). However, Wife does not contest the trial court's granting of the divorce on the ground that the parties' marriage was irretrievably broken. Thus, we need not resolve the merits of Wife's claim, because even if the trial court erred in alternatively granting a divorce on the ground of adultery, the error is not reversible.

3. At the bench trial, Husband called his sister, Debra Hale, as an expert witness in custody evaluation. Hale is an attorney who had practiced family law for 19 years and frequently had served as a guardian ad litem for children. The trial court ruled that she could testify as an expert but could not give her opinion as to the ultimate issue of which parent should be granted primary physical custody of the children.

Wife contends that Hale should not have been allowed to testify as an expert on child custody issues because she was biased in favor of her brother and because her testimony was not necessary to help the trial court reach a determination regarding custody. However, alleged bias on the part of an expert witness does not render the witness incompetent to testify, but instead goes to her credibility. See OCGA § 24-9-1 (a) (providing that "[n]o person offered as a witness shall be excluded [from testifying] by reason of . . . interest");[1] OCGA § 24-9-68 ("The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury.");[2] *Meacham v. Franklin-Heard County Water Auth.*, 302 Ga. App. 69, 76 (690 SE2d 186) (2009).

Moreover, trial courts have broad discretion in deciding whether to admit or exclude expert testimony, considering factors such as whether the witness's specialized knowledge will be helpful to the trier of fact, and such rulings are reviewed on appeal only for abuse of discretion. See OCGA § 24-9-67.1 (b) (providing that an expert witness may testify if certain reliability factors are satisfied and if the testimony "will assist the trier of fact . . . to understand the evidence or to determine a fact in issue");[3] *Caswell v. Caswell*, 285 Ga. 277, 280 (675 SE2d 19) (2009). Our review of the record shows no abuse of

---

[1] OCGA § 24-6-601 of Georgia's new Evidence Code, which takes effect on January 1, 2013, says that "[e]xcept as otherwise provided in this chapter, every person is competent to be a witness," and no other provision of Chapter 6 of the new Code precludes a witness from testifying on account of bias.

[2] With one non-substantive change, this provision is carried forward in the new Evidence Code. See OCGA § 24-6-622 (effective Jan. 1, 2013).

[3] With minor changes, this provision is carried forward in the new Evidence Code. See OCGA § 24-7-702 (b) (effective Jan. 1, 2013).

discretion in this case, particularly since the trial court, as the trier of fact in the bench trial, was free to accept the parts of Hale's testimony that were credible and useful and to reject the rest. See *Smith v. Smith*, 281 Ga. 380, 382 (637 SE2d 662) (2006) (explaining that in a bench trial, "the trial court act[s] as finder of fact as well as determiner of the law, and [is] free to ascertain for itself the credibility of the witnesses").

Wife also contends that the trial court (1) should have precluded Hale from testifying because she had previously represented her brother in another divorce case; (2) erred in permitting Hale to testify as to the ultimate issue;[4] and (3) erred in permitting Hale to confusingly switch between testifying as a lay witness and an expert witness. However, Wife failed to raise the latter two issues at trial and did not raise the first objection until the end of her cross-examination of Hale. She therefore waived her right to raise these issues on appeal. See *Leggette v. Leggette*, 284 Ga. 432, 432 (668 SE2d 251) (2008). In any event, during bench trials, the "court is presumed to have separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment." *Watson v. State*, 274 Ga. 689, 691 (558 SE2d 704) (2002). Thus, "[a]bsent a showing that the trial court actually considered [inadmissible] material . . . , we will not disturb the presumption that the trial court considered only admissible evidence in reaching its judgment." Id. at 691-692. Here, Wife has failed to show that the trial court relied on any testimony that she now contends was inadmissible.

4. Wife claims that the trial court erred when it awarded Husband primary physical custody, because he only prayed for "joint legal and physical custody" in his complaint. However, Georgia law gives the trial court significant discretion to make determinations regarding child custody in divorce cases and requires the court, in exercising that discretion, "to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness." OCGA § 19-9-3 (a) (2). See *Todd v. Todd*, 287 Ga. 250,

---

[4] Regarding opinion testimony on an "ultimate issue," OCGA § 24-7-704 of the new Evidence Code provides:

(a) Except as provided in subsection (b) of this Code section, testimony in the form of an opinion or inference otherwise admissible shall not be objectionable because it embraces an ultimate issue to be decided by the trier of fact.

(b) No expert witness testifying with respect to the mental state or condition of an accused in a criminal proceeding shall state an opinion or inference as to whether the accused did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

254 (703 SE2d 597) (2010) (holding that " 'the court ultimately must decide the custody question based on the best interest of the child' " (citation omitted)).

In addition, although Husband pled only for joint custody, his counsel told the court at the start of the trial that the parties "agreed that there would be joint legal custody, but the issue will be . . . who gets primary physical custody and final decision-making authority." Wife did not dispute that those were the issues to be tried, and review of the record shows that those issues were in fact the focus of the trial. Husband's pleadings therefore were deemed amended to conform to the evidence. See OCGA § 9-11-15 (b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Howington v. Howington*, 281 Ga. 242, 244 (637 SE2d 389) (2006) (holding that although Husband did not plead for reimbursement of pension benefits, the trial court did not err in granting Husband relief regarding those benefits because the issue was litigated without Wife's objection).

Accordingly, the trial court did not err in deciding whether Husband was entitled to primary physical custody of the parties' children.[5]

5. Wife argues that the trial court erred in calculating child support by failing to consider whether to make a parenting time deviation. See OCGA § 19-6-15 (i) (2) (K). However, if a trial court decides *not* to apply a deviation from the presumptive amount of child support, its " 'order need not explain how the court . . . reached that decision.' " *Rumley-Miawama v. Miawama*, 284 Ga. 811, 812 (671 SE2d 827) (2009) (citation omitted). Thus, the fact that the trial court's order does not discuss a parenting time deviation does not support Wife's assertion that the court failed to consider that particular deviation, and indeed Wife points to no discussion on the record that would support the conclusion that the court failed to consider it.

6. Wife contends that the trial court erred in deviating from the presumptive amount of child support calculated under the child support guidelines without including any findings stating why the deviation was appropriate. As Husband concedes, Wife is correct on this point.

---

[5] We note that the trial court divided final decision-making authority between the parties, giving Wife final authority "on major medical and educational issues" and Husband final authority "on religious issues and choice of extra-curricular activities."

Where a deviation is determined to apply and a factfinder deviates from the presumptive amount of child support, the order must explain the reasons for the deviations, provide the amount of child support that would have been required if no deviation had been applied, and state how application of the presumptive amount of child support would be unjust or inappropriate and how the best interest of the children for whom support is being determined will be served by the deviation. OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). In addition, the order must include a finding that states how the court's or jury's application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support. OCGA § 19-6-15 (c) (2) (E) (iii).

*Holloway v. Holloway*, 288 Ga. 147, 149 (702 SE2d 132) (2010) (citation omitted).

These express findings in the trial court's order are "mandatory to ensure that the best interests of the children [are] protected," id., and "when any of the required findings are omitted, we have no choice but to 'reverse the trial court's judgment and remand th[e] case to the trial court for further proceedings.'" *Brogdon v. Brogdon*, 290 Ga. 618, 623 (723 SE2d 421) (2012) (quoting *Holloway*, 288 Ga. at 149, and citing additional cases in which this Court has reversed child support awards for failing to include the findings necessary for a deviation). Because the findings are designed to protect the interests of the child, not the divorcing spouses, reversal is required when findings are not made "even when the amount of the deviation could be characterized as de minimis," *Brogdon*, 290 Ga. at 624, and even where the deviation favors the party complaining about it, see *Holloway*, 288 Ga. 148-149 (reversing and remanding when the deviation resulted in a child support amount only $18 less than the presumptive amount and favored the appellant wife).

The trial court here ordered an $83.20 deviation from the presumptive amount of child support for extraordinary medical expenses. See OCGA § 19-6-15 (i) (2) (J) (iii). The divorce decree states that

Schedule E of the Child Support Worksheet, docketed separately but simultaneously herewith, explains the reasons for the deviation, how the application of the guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of

the children who are subject to this child support determination is served by deviation from the presumptive amount of child support.

However, the spaces on Schedule E for those findings to be made are blank, and the required findings do not appear anywhere else in the court's order or incorporated attachments. We therefore must reverse this part of the trial court's judgment and remand the case for redetermination of child support, with any deviations supported by appropriate written findings.

  *Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Kupferman & Golden, Gregory D. Golden*, for appellant.
*Alan Mullinax, Zachary R. Stepp*, for appellee.