S13F0340. DEMMONS v. WILSON-DEMMONS.

(745 SE2d 645)

MELTON, Justice.

Kenneth Demmons ("Husband") and Dawn R. Wilson-Demmons ("Wife") were married on December 23, 2002, and thereafter had two children together. Husband also had two minor children from a previous marriage for whom he pays child support. During the marriage, Husband was employed as a firefighter, and he also held a part-time job at Lowe's at the same time. Wife was employed as a licensed physician, but she was not board-certified, which meant that she could not become a staff physician at a hospital. Wife filed for divorce in February 2010, and, following a bench trial, the parties were divorced pursuant to an April 21, 2011 Final Order. The trial court reserved the issue of attorney fees at that time, but eventually denied Wife's motion for attorney fees on February 7, 2012. This Court granted Husband's application to appeal pursuant to Supreme Court Rule 34 (4), by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit. For the reasons that follow, we must vacate the trial court's Final Order and remand this case with the direction that the trial court include in the Final Order a finding regarding each of the parties' respective gross monthly incomes.

1. Husband is correct in his assertion that the trial court erred by failing to specifically include in its Final Order "a written finding of the parent[s'] gross income[s] as determined by the court." OCGA § 19-6-15 (c) (2) (C). Although the trial court completed its own child support worksheet in which it specifically made independent determinations regarding the parties' respective gross monthly incomes, and despite the fact that the parties were made aware of the exact figures being used by the trial court as representations of their gross monthly incomes, the trial court nevertheless failed to attach its worksheet to the Final Order or otherwise incorporate the worksheet by reference into the Final Order in any way. Husband properly challenged the lack of specific findings in the Final Order with respect to the parties' gross incomes by filing a timely "Motion to Amend or Make Additional Findings of the Final Order and Motion for Partial New Trial." See *Holloway v. Holloway*, 288 Ga. 147 (1) (702 SE2d 132) (2010); *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589 (2) (690 SE2d 397) (2010). Accordingly, "[i]t is necessary . . . that this case be remanded to the trial court with direction to make . . . [proper] finding[s] of [the parties' gross monthly] income[s], to reconsider the award of child support based on th[ose] finding[s], and to amend the decree accordingly." *Southerland v. Southerland*, 278 Ga. 188, 189 (2) (598 SE2d 442) (2004). Although merely incorporating the gross monthly income

information from the child support worksheet into the Final Order (through attachment or through other means) would have made a remand unnecessary here, we cannot avoid the conclusion that a remand is necessary due to the lack of necessary findings being actually included in the Final Order here.

2. Because the remainder of Husband's enumerations could be directly affected by the actual *findings* relating to the parties' respective gross incomes that have yet to be properly entered by the trial court, this Court does not have a sufficient record upon which to address those enumerations at this time.[*]

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JULY 1, 2013.

*Torin D. Togut*, for appellant.
*Miracle C. Jackson, Leah Zammit*, for appellee.

---

[*] We do note, however, that our review of the record as it stands appears to support all of the trial court's conclusions as stated at the final hearing and as documented in the child support worksheet. Nevertheless, without the child support worksheet being incorporated into the Final Order or actual figures for the parties' gross monthly incomes being entered into the Final Order itself, this Court does not have a sufficient record upon which to base a more formal analysis of the trial court's order and Husband's enumerations of error relating to it.