295 Ga. 231
FINAL COPY

S14F0265. MCCARTHY v. ASHMENT-MCCARTHY.

MELTON, Justice.

Pursuant to Supreme Court Rule 34, Joseph B. McCarthy (Husband) filed an application for discretionary appeal, following the trial court's denial of his motion to set aside a final decree regarding his divorce from Annie J. Ashment-McCarthy (Wife). We granted the pro se application and posed the following question: "Did the trial court err in failing to make the findings required to support the deviation from the presumptive amount of child support? See OCGA § 19-6-15 (i); Holloway v. Holloway, 288 Ga. 147 (702 SE2d 132) (2010)." For the reasons set forth below, we affirm the trial court's ruling in part and vacate in part.

1. In summary form, the record shows that the parties' divorce action was brought before the trial court for disposition on March 2, 2012. At that time, both Husband and Wife were represented by counsel. To the extent that there were contested issues, the parties agreed to participate in a pre-trial hearing that was not transcribed. Apparently, the contested issues were argued and resolved

at this pre-trial hearing. Following the pre-trial hearing, the financial agreement reached by the parties was read into the record along with the trial court's decisions on any remaining contested issues regarding custody. Husband and Wife stated under oath that they were in agreement with all financial decisions, and Husband did not object to the trial court's rulings on custody. At that time, Husband and Wife also agreed to file letter briefs and submit the issue of attorney fees to the trial court's discretion. Thereafter, Husband fired his counsel, and, before the divorce decree was entered, he began to argue that the parties had not reached an agreement. Wife filed a motion to enforce the agreement and for contempt, and the trial court dealt with all of these matters in the Decree, which was entered on May 22, 2012, granting both the motion to enforce and for contempt and ultimately awarding Wife $2,550 in attorney fees. This award related only to Wife's costs in bringing the motion to enforce. On June 28, 2012, after considering Wife's letter brief on the issue of attorney fees relating to the general divorce action, the trial court entered an order granting Wife $12,580 in such fees. On July 27, 2012, Husband, still pro se, then filed a motion to set aside the Decree as well as a motion for new trial, and, on September 14, 2012, he filed an amended motion to set aside. Husband's motion

for new trial contained no grounds at all, and his motion to set aside, as amended, contended that the parties never reached a valid agreement and that Wife had defrauded the trial court by misrepresenting her finances. Neither motion argues that the trial court failed to follow the requirements of OCGA § 19-6-15. The trial court denied these motions on January 17, 2013, and this appeal ensued.

2. As part of the divorce decree, Husband is required to pay a non-specific upward deviation of child support in the amount of $288.20. It is well settled that "a motion for new trial, but not a motion to set aside, is a proper means by which the movant can complain of the trial court's failure to comply with the child support guidelines in OCGA § 19-6-15, including the failure to make findings required thereby." (Citations and punctuation omitted.) Kuriatnyk v. Kuriatnyk, 286 Ga. 589, 591(2) (690 SE2d 397) (2010).

OCGA § 19-6-15 mandates that certain findings must be made in writing by the trial court prior to any deviation in statutory child support.

> Where a deviation is determined to apply and the factfinder deviates from the presumptive amount of child support, the order must explain the reasons for the deviation, provide the amount of child support that would have been required if no deviation had been applied, and state how application of the presumptive amount of

child support would be unjust or inappropriate and how the best interest of the children for whom support is being determined will be served by the deviation. OCGA § 19-6-15 (c) (2) (E) and (I) (1) (B). In addition, the order must include a finding that states how the court's or jury's application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support. OCGA § 19-6-15 (c) (2) (E) (iii).

Turner v. Turner, 285 Ga. 866, 867 (1) (684 SE2d 596) (2009).

As indicated above, Husband could not have raised the issue of the trial court's compliance with OCGA § 19-6-15 in his motion to set aside, even if he had chosen to do so. Kuriatnyk, supra. Husband did not raise the issue of the trial court's compliance with OCGA § 19-6-15 in either of his motions, he did not raise such compliance at a subsequent hearing, and the trial court did not reach the issue in its order on Husband's contemporaneous motion for new trial. In addition, Husband did not mention OCGA § 19-6-15 in his January 31, 2013 motion for reconsideration of the trial court's order. Therefore, the issue of OCGA § 19-6-15 compliance has been raised by Husband for the first time on appeal. As a result, Husband has waived our review of this issue.[1] See Branham

---

[1] In some of our prior cases, we did not explicitly consider the issue of waiver. To the extent that any of these cases may be read for the proposition that the issue of a trial court's compliance with OCGA § 19-6-15 is never subject to waiver, they are hereby disapproved. See, e.g., Turner v. Turner,

4

v. Branham, 290 Ga. 349, 351 (2) (770 SE2d 623) (2012). This result, of course, must be contrasted from cases in which the issue of the trial court's compliance with OCGA § 19-6-15 is brought to the trial court's attention by the parties prior to filing a notice of appeal. See, e.g., Holloway v. Holloway, 288 Ga. 147 (702 SE2d 132) (2010); Brogdon v. Brogdon, 290 Ga. 618 (723 SE2d 421) (2012); Demmons v. Wilson-Demmons, 293 Ga. 349 (745 SE2d 645) (2013).

3. Husband's main argument, both below and in his appeal, challenges two awards of attorney fees to Wife. First, the trial court awarded $2,550 to Wife to cover the costs of having to bring a motion to enforce against Husband. The trial court included this award in the Decree. In addition, on June 28, 2012, the trial court entered an order requiring Husband to pay $12,580 to Wife for attorney fees incurred by her in the main divorce proceedings. Husband argues that, with respect to both awards, the trial court failed to include appropriate findings of fact.

> We have held that, if a trial court fails to make findings of fact
> sufficient to support an award of attorney fees under either [OCGA]
> § 19-6-2 or § 9-15-14, the case must be remanded to the trial court

285 Ga. 866 (684 SE2d 596) (2009); Walls v. Walls, 291 Ga. 757 (732 SE2d 407) (2012); Eldridge v. Eldridge, 291 Ga. 762 (732 SE2d 411) (2012).

5

for "an explanation of the statutory basis for the award and any findings necessary to support it."

(Footnote omitted.) Leggette v. Leggette, 284 Ga. 432, 433 (2) (668 SE2d 251) (2008).

Following Husband's motion to set aside, the trial court entered an order on January 14, 2013 supplementing its prior findings regarding attorney fees. While the Decree, itself, fails to include the required findings regarding the award of $2,550, the January 14, 2013 supplemental order explicitly specifies that the award of $2,550 was made pursuant to OCGA § 9-15-14 because Husband lacked substantial justification to refuse to honor the prior agreement that the parties had reached in open court. Therefore, Husband's contention that this award must be reversed lacks merit.

With regard to the larger award of $12,580 in attorney fees to Wife, the record shows that the parties agreed to submit the issue of these fees to the trial court by letter brief, even though Wife originally requested the fees be imposed pursuant to OCGA § 19-6-2. In its original order issued on June 28, 2012, the trial court did not indicate the basis of its authority for awarding attorney fees, and, as a result, Husband contends that the award must be reversed pursuant to

6

Leggette, supra. In its supplemental order, the trial court stated that it awarded fees based on the ruling in Haley v. Haley, 282 Ga. 204 (647 SE2d 10) (2007), not a statutory basis. In that case, we rejected a claim that attorney fees were governed by OCGA § 19-6-19 (d). We stated:

> Although Mr. Haley contends that Ms. Haley's claim for attorney fees is controlled by OCGA § 19-6-19 (d), we conclude that Ms. Haley's claim for attorney fees rests not on OCGA § 19-6-19 (d) but rather on the parties' contract. In this regard, the attorney fee clause in the settlement agreement makes no reference to OCGA § 19-6-19 (d). Moreover, by agreeing to submit the attorney fees issue to the trial court for resolution, we conclude that the parties authorized the trial court to exercise its discretion to consider whatever factors it found to be relevant to determine if Ms. Haley was entitled to attorney fees, including whether she was a prevailing party in the litigation. Moreover, if, in the exercise of the foregoing discretion, the court determined that Ms. Haley was entitled to attorney fees, we also conclude that the parties authorized the court to award her attorney fees in an amount the court found to be appropriate and reasonable under the circumstances.

(Footnotes omitted.) Id. at 205.

Haley, however, is distinguishable from this matter. The parties in this case had no attorney fees clause in a separation agreement on which the trial court could rely. In addition, Wife's letter brief in support of her motion for fees

7

requested an award pursuant to OCGA § 19-6-2.[2] Based on this information, it appears that, although the parties may have agreed to submit letter briefs in lieu of a hearing, there was no agreement to leave the issue of attorney fees to the unfettered discretion of the trial court. Based on this specific set of facts, we must vacate the trial court's award of $12,580 for failure to make the required findings of fact under OCGA § 19-6-2. See Leggette, supra. The trial court may reconsider this issue on remand.

3. Husband's remaining enumerations, which attack the wide discretion of the trial court, lack merit.

Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur, except Hunstein, J., who concurs in judgment only as to Division 2.

Decided May 5, 2014 – Reconsideration dismissed June 2, 2014.

Domestic relations. Cobb Superior Court. Before Judge Green.

---

[2] Although the letter brief is not in the record, Wife's attorney stated at a hearing that, in her letter brief, Wife requested $20,000 in attorney fees pursuant to OCGA § 19-6-2.

Joseph B. McCarthy, pro se.

Hill-Macdonald, Brad E. Macdonald, for appellee.