In the Supreme Court of Georgia

Decided:   November 24, 2014

S14F0646. WALLACE v. WALLACE.

HINES, Presiding Justice.

Pursuant to Rule 34 (4) of this Court, Teresa Wallace ("Mother") was granted a discretionary appeal from the superior court's final judgment and decree of divorce. For the reasons that follow, we affirm in part, reverse in part, and remand the case with direction.

Mother and Christopher Wallace ("Father"), who is an active duty serviceman in the United States Navy, were married in 2002, and have three minor children. On December 21, 2012, Mother filed a complaint for divorce. The parties agreed that they would have joint legal custody of the children, and that Mother would have primary physical custody; agreement was not reached on certain other matters, including child support. At the beginning of the final hearing, both parties agreed to waive findings of fact and conclusions of law. The court announced that it intended to set Father's child support amount at

$1,300.00 per month, and to award him a deviation from that amount for travel expenses of $400.00 per month to see the children once a month, resulting in a total monthly support obligation on Father's part of $900.00 for the couple's three children. After the court's pronouncement, Mother orally requested that the court make findings of fact and conclusions of law "only as it pertains to child support." The court said it would do so if Mother furnished a transcript of the hearing. Approximately two months later, the court issued its final decree and judgment of divorce, stating a presumptive amount of child support of $1,300.00, and "award[ing Father] a deviation for travel in the amount of $400.00 to see his children once a month." Mother did not provide a transcript to the trial court before the court issued its final decree and judgment of divorce.

1. Mother enumerates as error the trial court's failure to enter required written findings to support its travel deviation from the presumptive amount of child support. Under OCGA § 19–6–15 (c) (2) (E), if the trial court determines that a deviation from the presumptive child support amount is applicable, the court must "[i]nclude written findings of fact," and these findings must set forth:

(i) The reasons the court . . . deviated from the presumptive amount of child support;

2

(ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and

(iii) A finding that states how the court's . . . application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support and how the best interest of the child who is subject to the child support determination is served by deviation from the presumptive amount of child support . . . .[1]

In its final decree, the trial court simply stated: "The presumptive amount of child support is $1,300.00. The Court awards [Father] a deviation for travel in the amount of $400.00 to see his children once a month." However, in neither the decree, nor in the associated child support worksheets, did the court set forth how the application of the child support guidelines would be unjust or

_____

[1] OCGA § 19–6–15 (i) (1) (B) similarly provides:

When ordering a deviation from the presumptive amount of child support, the court or the jury shall consider all available income of the parents and shall make written findings or special interrogatory findings that an amount of child support other than the amount calculated is reasonably necessary to provide for the needs of the child for whom child support is being determined and the order or special interrogatory shall state:
    (i) The reasons for the deviation from the presumptive amount of child support;
    (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and
    (iii) How, in its determination:
        (I) Application of the presumptive amount of child support would be unjust or inappropriate; and
        (II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.

3

inappropriate, or how the best interests of the children would be served by a deviation, and thus the trial court failed to satisfy the mandate of OCGA § 19–6–15 (c) (2) (E). *Fladger v. Fladger*, __ Ga. __, __ (2) (__ SE2d __) (2014) (Case no. S14F1711, decided Nov. 3, 2014 (2014 WL 5506691)). See also OCGA § 19–6–15 (i) (1) (B).

Nonetheless, Father asserts that Mother waived the requirement that the trial court enter the specified findings by agreeing at the hearing to provide a transcript, and then not doing so.  But, we do not agree.   First, we note that a transcript is not necessary for the entry of the required findings; the court must enter them even if a transcript does not exist. See *Spurlock v. Dept. of Human Res.*, 286 Ga. 512, 515 (3) (690 SE2d 378) (2010).  Second, the actions of a party do not waive the trial court's compliance with the mandate to enter findings pursuant to OCGA §§ 19–6–15 (c) (2) (E) & 19–6–15 (i) (1) (B).  In *Holloway v. Holloway*, 288 Ga. 132 (702 SE2d 132) (2010), we held that the fact that a party agrees to a deviation does not alter the statutory requirement, as

> [t]he child support guidelines were made mandatory to ensure that the best interests of the children were protected, and a self-interested agreement made by a parent cannot override this purpose. OCGA § 19–6–15 (c) (6) makes this clear. It provides:

> Nothing contained within this Code section shall prevent the parties from entering into an enforceable agreement contrary to the presumptive amount of child support which may be made the order of the court pursuant to review by the court of the adequacy of the child support amounts negotiated by the parties, including the provision for medical expenses and health insurance; *provided, however, that if the agreement negotiated by the parties does not comply with the provisions contained in this Code section and does not contain findings of fact as required to support a deviation, the court shall reject such agreement.*

Id. at 149 (1) (Emphasis in original.) Similarly, Mother's failure to provide the trial court with a transcript does not override the statutory requirement that proper findings be made.[2] Accordingly, we must reverse this portion of the trial court's order and remand for proceedings consistent with this opinion. *Fladger*, supra; *Brogdon v. Brogdon*, 290 Ga. 618, 625 (5) (b) (723 SE2d 421) (2012); *Holloway*, supra.[3]

---

[2] This Court has held that, in certain circumstances, appeal of a trial court's failure to enter the findings mandated in OCGA § 19–6–15 (c) (2) (E) and (i) (1) (B), may be waived. *McCarthy v. Ashment-McCarthy*, 295 Ga. 231, 232-233 (2) (758 SE2d 306) (2014). However, unlike the appellant in *McCarthy*, Mother did not file in the trial court a motion for new trial that did not raise the trial court's failure to comply with the findings requirement, and then attempt to raise the issue for the first time in this Court. Compare *Fladger*, supra. See also *Brogdon v. Brogdon*, 290 Ga. 618 (723 SE2d 421) (2012).

[3] Mother also contends that the trial court abused its discretion in granting the travel deviation of $400.00 per month, noting, in part, that at the time of the hearing, it was anticipated that Father would be based in Bahrain for approximately six months, during which time he would not travel to see his children each month. However, without entry of proper findings to support the deviation, this

2. Mother also asserts that the trial court failed to properly calculate the gross income attributable to Father. Evidence of Father's income presented at the final hearing was based upon his compensation while he was deployed in Bahrain. Mother argues that Father's entire monthly military basic allowance for housing ("BAH") compensation, $3,555.00, should have been included in his gross monthly income, rather than merely $702.90, the portion of BAH that the trial court used to calculate gross income.

OCGA § 19-6-15 (f) sets forth what shall be considered to be a party's gross income for the purposes of child support calculations. Relevant to the treatment of Father's BAH compensation is OCGA § 19-6-15 (f) (1) (E) (iv),[4]

_____

issue is not ripe for review. See *Demmons v. Wilson-Demmons*, 293 Ga. 349, 350 (2) (745 SE2d 645) (2013). Mother also separately enumerates as error the trial court's failure, under authority of OCGA § 9-11-52 (a), to make findings of fact and conclusions of law pertaining to the travel deviation, as she orally requested at the final hearing. See *Payson v. Payson*, 274 Ga. 231, 233-235 (2) (552 SE2d 839) (2001). In light of our decision above, this issue is moot.

[4] OCGA § 19-6-15 (f) (1) (E) reads:

**Military compensation and allowances**. Income for a parent who is an active duty member of the regular or reserve component of the United States armed forces, the United States Coast Guard, the merchant marine of the United States, the commissioned corps of the Public Health Service or the National Oceanic and Atmospheric Administration, the National Guard, or the Air National Guard shall include:

(i) Base pay;
(ii) Drill pay;
(iii) Basic allowance for subsistence, whether paid directly to the parent or received in-kind; and
(iv) Basic allowance for housing, whether paid directly to the parent or received in-kind,

6

which provides that "[b]asic allowance for housing" is to be considered as gross income, "but shall include only so much of the allowance that is not attributable to area variable housing costs." And, Mother does not contest that the difference between the BAH amount that the trial court used, and that amount which she contends should have been used, is attributable to Father's deployment in Bahrain, and thus she fails to show error.

Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.

---

determined at the parent's pay grade at the without dependent rate, but shall include only so much of the allowance that is not attributable to area variable housing costs.

Except as determined by the court or jury, special pay or incentive pay, allowances for clothing or family separation, and reimbursed expenses related to the parent's assignment to a high cost of living location shall not be considered income for the purpose of determining gross income.