**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 16, 2019**

# In the Court of Appeals of Georgia

A19A1531, A19A2119. WINCHELL v. WINCHELL.

MCMILLIAN, Judge.

Following a divorce between Mark Winchell ("Father") and Natalie Winchell ("Mother"), the Father appeals the child support order and award of attorney fees in Case No. A19A1531.[1] After the trial court ordered him to post an appeal bond, the Father also appealed that order in Case No. A19A2119. For the reasons that follow, we affirm in Case No. A19A1531 and dismiss as moot the appeal in Case No. A19A2119.

The Father and Mother married on November 3, 2013, and they had a child in 2015. In 2016, the parties separated and the Mother filed for divorce. Following a three day bench trial, a Final Judgment and Decree of Divorce was entered on

---

[1] We granted the Father's application for discretionary appeal under Court of Appeals Rule 31 (b) (4), which provides that the Court will grant any "application for leave to appeal a judgment and decree of divorce" that is final, timely, and "determined to have possible merit." Court of Appeals Rule 31 (b) (4).

December 15, 2017.[2] The Final Judgment included a Child Support Addendum and attached Child Support Worksheet, which under OCGA § 19-6-15,[3] calculated the Mother's income as $3,394.77 per month and the Father's income as $28,197 per month. The Final Judgment ordered the Father to pay $1,973 per month in child support. Although the Child Support Addendum stated that none of the deviations from the presumptive child support amount as set out in OCGA § 19-6-15 applied in this case, the trial court ordered under a section entitled "Additional Provisions":

(A) The Father shall be responsible for all costs associated with the child's full time attendance at The Sanctuary Child Learning Center.

(B) The Father shall be responsible for all expenses incurred by the child to obtain a private[] school education from first through twelfth grade. The costs he shall be responsible for include tuition, books, matriculation fees, and other incidental expenses billed by the school. His liability under this paragraph shall not exceed the cost required for a day student to attend Savannah Christian Preparatory School in Savannah, Georgia.

---

[2] About a month later, the trial court amended the order to restore the Mother to her prior last name and to allow the parties to file motions for attorney fees.

[3] We note that OCGA § 19-6-15 was amended both in 2017 and 2018, effective July 1 of each of the amendment years. Ga. L. 2017, p. 646, §§ 1-3 – 1-8; Ga. L. 2018, p. 937, §§ 1-1, 1-1A – 1-1C, 1-2 – 1-4, 1-4A. However, our analysis would be the same under either version of the statute.

Prior to the entry of judgment, the Father, through counsel, and in his testimony objected generally to the payment of private school expenses. Regarding the Sanctuary Learning Center expenses, the Father agreed he would continue paying for the child to go to the daycare center, but requested a "nominal parenting time deviation to get the child support figure to fifteen hundred" to account for paying the costs. After entry of Final Judgment, both parties filed timely motions for reconsideration, and the Mother filed a request for attorney fees under OCGA § 19-6-2.[4] The trial court never ruled on the parties' motions for reconsideration, but a hearing was held on the attorney fees' request, and the trial court subsequently awarded the Mother $38,971 in fees under OCGA § 19-6-2.

The Father filed an application for discretionary appeal to this Court, arguing that the trial court erred by failing to include his obligation to pay daycare expenses and private school tuition in the child support worksheet and by failing to make the findings required under OCGA § 19-6-15 (c) (2) (E) to determine that a deviation from the presumptive amount of child support should apply, and that the trial court erred by failing to sufficiently consider the financial circumstances of the parties in

[4] The Father apparently served a motion for new trial on the Mother's attorney, but never filed the motion in the trial court. Nevertheless, the Mother filed a response to the unfiled motion for new trial.

3

awarding the Mother attorney fees under OCGA § 19-6-2. After we granted the Father's application, he filed a timely notice of appeal and his appeal was docketed in this Court as Case No. A19A1531.

The Mother then filed a motion to set an appeal bond in the trial court, which the trial court granted, ordering the Father to deposit $97,809 in the registry of the court. The Father filed a notice of appeal from the trial court's order, and that appeal was docketed in this Court as A19A2119. We consolidated these appeals for our review.

*Case No. A19A1531.*

1. We first address the Mother's contention that the Father waived his right to appeal any issues related to calculation of child support and the failure to make required written findings under OCGA § 19-6-15. In *McCarthy v. Ashment-McCarthy*, 295 Ga. 231 (758 SE2d 306) (2014), our Supreme Court considered whether the trial court's failure to comply with the requirement to make written findings under OCGA § 19-6-15 can be waived by failing to first raise the issue of compliance in the trial court. The Court answered that question in the affirmative, noting that the appellant in *McCarthy* had filed two post judgment motions in which the issue of compliance could have been raised – a motion for new trial and a motion

4

for reconsideration from the trial court's denial of his motion for new trial. Id. at 233 (2).[5] In so holding, the Supreme Court specifically disapproved of several of its previous cases to the extent those cases could be read for the proposition that the issue of a trial court's compliance with OCGA § 19-6-15 is never subject to waiver.[6] Further, the Court "contrasted" its finding of waiver with previous cases in which the trial court's noncompliance with OCGA § 19-6-15 had been brought to the trial court's attention in a proper motion prior to filing the notice of appeal, citing *Holloway v. Holloway*, 288 Ga. 147, 148-49 (702 SE2d 132) (2010) (failure to make factual findings raised in motion for new trial); *Brogdon v. Brogdon*, 290 Ga. 618, 624-25 (5) (b) (723 SE2d 421) (2012) (issue of compliance raised in motion for reconsideration/modification); and *Demmons v. Wilson-Demmons*, 293 Ga. 349, 349

---

[5] The Court noted that the appellant had also filed a motion to set aside, but specifically held that the appellant could not have properly raised the issue of the trial court's compliance with OCGA § 19-6-15 in that motion, "even if he had chosen to do so." See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 591 (2) (690 SE2d 397) (2010) ("[A] motion for new trial, but not a motion to set aside, is a proper means by which the movant can complain of the trial court's failure to comply with the child support guidelines contained in OCGA § 19-6-15, including the failure to make findings required thereby."); see also OCGA § 9-11-60 (d) (setting out attacks on judgments that may be made in a motion to set aside).

[6] Specific cases mentioned by the Court include *Eldridge v. Eldridge*, 291 Ga. 762 (732 SE2d 411) (2012); *Walls v. Walls*, 291 Ga. 757 (732 SE2d 407) (2012); and *Turner v. Turner*, 285 Ga. 866 (684 SE2d 596) (2009).

(745 SE2d 645) (2013) (motion to amend/make additional findings/partial motion for new trial). *McCarthy*, 295 Ga. at 233 (2).

We note that several months after *McCarthy* was decided, our Supreme Court refused to find waiver in *Wallace v. Wallace*, 296 Ga. 307 (766 SE2d 452) (2014), stating that "unlike the appellant in *McCarthy*, the [appellant in *Wallace*] did not file in the trial court a motion for new trial that did not raise the trial court's failure to comply with the findings requirement, and then attempt to raise the issue for this first time [on appeal]." Id. at 310 (1), n.2. However, about a year later, the Supreme Court followed *McCarthy* and found appellant had waived appellate review of the issue of compliance with OCGA § 19-6-15 by failing to raise it in her motion for new trial/motion for reconsideration or at the hearing on the motion. *McLendon v. McLendon*, 297 Ga. 779, 780 (2) (778 SE2d 213) (2015).

Thus, reading these cases together, it appears that when the appellant has chosen to file a motion in the trial court in which the issue of compliance with the fact finding requirements of OCGA § 19-6-15 could properly have been raised and brought to the trial court's attention and fails to do so, that issue is waived on appeal. But the issue of compliance may be properly raised on appeal for the first time if the appellant chooses not to file a post-judgment motion in the trial court or files a

6

motion in which the issue could not properly be raised, such as a motion to set aside. See also OCGA § 5-6-36 (a) ("A motion for new trial need not be filed as a condition precedent to appeal or consideration of any judgment, ruling, or order in any case; but, in all cases where a motion for new trial is an available remedy, the party entitled thereto may elect to file the motion first or appeal directly.").

The question then is whether the issue of compliance was waived under the facts of this case. Although at one point the Father's attorney purported to file a motion for new trial and attached a copy of the motion to correspondence with the Mother's attorney, prompting the Mother to file a response to the motion, the Father never actually filed the motion in the trial court.[7] However, the Father subsequently file a "consolidated" motion for reconsideration, but did not raise the issue of compliance with OCGA § 19-6-15, and the trial court never ruled on the motion. As our Supreme Court recognized in *McCarthy*,[8] a motion for reconsideration is a proper

---

[7] We can glean from the Mother's response that the Father did not raise the compliance issue in the unfiled motion for new trial.

[8] As stated above, in finding waiver, our Supreme Court cited the appellant's failure to raise the issue of compliance in either his motion for new trial or motion for reconsideration, and cited *Brogdon*, a case in which a motion for reconsideration/modification had been filed, as an example of when the issue had been preserved for appellate review by first raising it in the trial court.

means by which to raise the trial court's failure to make the findings required by OCGA § 19-6-15. Because, the Father has waived appellate review of the issue of the trial court's compliance with OCGA § 19-6-15 by raising this failure for the first time on appeal instead of in his post-trial motion filed in the trial court, we will not address the issue of whether the trial court complied with OCGA § 19-6-15 in ordering the Father to pay the child's private school tuition and the Sanctuary Learning Center Expenses.

2. The Father also challenges the trial court's award of attorney fees to the Mother under OCGA § 19-6-2, arguing that the trial court improperly relied on outdated financial information and failed to make sufficient factual findings to support the award.[9]

---

[9] The Mother also argues that the Father waived his challenge to the attorney fees award by failing to raise it in the trial court. We will not parse that issue, other than to note that the Father's argument, at least in part, challenges the sufficiency of the evidence to support the award, and this Court has previously recognized that such a challenge may be properly made for the first time on appeal. See *Ford v. Ford*, 349 Ga. App. 45, 47 (2) (a) (825 SE2d 449) (2019) (physical precedent only) (citation and punctuation omitted) (noting generally "issues which have not yet been ruled on by the trial court may not be raised on appeal" but then finding consideration of the issues raised on appeal proper after majority characterized appellant's challenge as one to sufficiency of the evidence, which may be raised at any time).

8

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Citation and punctuation omitted.) *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011). Here, the attorney fees were requested only under OCGA § 19-6-2, and the trial court's order clearly reflected that the award was pursuant to that statute. "OCGA § 19-6-2 authorizes a trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties." (Citation and punctuation omitted.) *Ward*, 289 Ga. at 251 (2).

The Father complains, however, that the trial court improperly considered only the disparity in the parties' income, which the trial court noted was "substantial," and did not take into account the parties' overall financial circumstances, as is required when making an award under OCGA § 19-6-2.

> OCGA § 19-6-2 (a) (1) requires a trial court to consider the parties' 'financial circumstances' when awarding attorney fees under that statute. While the gross income of the parties is only one of many factors that may be considered in evaluating the parties' respective financial resources or circumstances, it is an important one and should be based on accurate information.

*Lutz v. Lutz*, 302 Ga. 500, 503 (2) (807 SE2d 336) (2017). The term "financial circumstances" is not defined in the statute, and there is no statutory limitation on the type of evidence the trial court may consider when deciding whether to award fees and in what amount under OCGA § 19-6-2. *Jarvis v. Jarvis*, 291 Ga. 818, 820 (2) (733 SE2d 747) (2012).

Here, the transcript from the hearing shows that neither party presented new evidence at the hearing, and both parties' attorneys made arguments based on the evidence that had been admitted during the divorce proceedings regarding their clients' relative financial positions, including their living expenses, real estate, and other holdings, to bring the trial court up to date on the parties' current financial status. That information along with the information concerning the parties' incomes was available to the trial court in making the award. The trial court also made a specific finding concerning how the Father's conduct had increased the time necessary to complete discovery and try the issues, which the Mother's attorney argued at the hearing required her to fight against a financial "elephant," negatively impacting her otherwise limited financial resources. The trial court also made findings concerning the Father's ability to resolve his substantial debt.

These findings went to the ultimate purpose of an attorney fee award under OCGA § 19-6-2, which is to level the financial playing field so that both parties can afford effective representation based on their relative financial circumstances. See, e.g., *Walton v. Walton*, 285 Ga. 706, 708 (3) (681 SE2d 165) (2009) ("The purpose of allowing attorney fees is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved.") (citation and punctuation omitted). Thus, based on the transcript and the findings made by the trial court in the order awarding fees, the attorney fee award in this case was not based solely on the parties' gross income, and both the financial circumstances and the purpose of the award were properly considered in making the award. *Hoard v. Beveridge*, 298 Ga. 728, 731 (2) (783 SE2d 629) (2016) (award under OCGA § 19-6-2 upheld where record and fee hearing transcript show that the trial court considered parties' relative financial positions); *Reid v. Reid*, 348 Ga. App. 550, 552-53 (1) (823 SE2d 860) (2019) (attorney fee award under OCGA § 19-6-2 affirmed where trial court's order contains sufficient findings to show that it considered the relative finances of each party); cf. *Amoakuh v. Issaka*, 299 Ga. 132, 134 (3) (786 SE2d 678) (2016) (attorney fees order awarding fees under OCGA § 19-6-2 vacated and remanded where court did not consider parties' relative financial circumstances); *Moon v. Moon*, 277 Ga. 375, 378

11

(6) (589 SE2d 76) (2003) (Supreme Court vacated fee award to the extent it might have been made under OCGA § 19-6-2 because the only evidence of the parties' financial circumstances was the gross monthly income of the parties).

The Father also complains that the information upon which the trial court based its award was outdated and stale. As to this issue, the record shows that both parties relied primarily on evidence that had been presented during the divorce proceedings, and both sides were also allowed to argue the current status of their financial situation. Further, *Thedieck v. Thedieck*, 220 Ga. App. 764, 767-68 (3) (470 SE2d 265) (1996) upon which the Father relies, was a contempt case in which the information concerning the parties' financial circumstances was over two years old, and there was no information available to the trial court concerning the father's current financial circumstances. Here, the hearing on the attorney fees motion was held less than eight months after the divorce decree was entered, and, as stated above, both parties made arguments at the hearing concerning their current financial circumstances. Accordingly, we find no merit to the argument that the attorney fees award was improperly based on stale information since both sides appear to recognize that the evidence had not materially changed.

Lastly, the Father argues that the trial court improperly considered his alleged conduct in making the award. It is true that "the misconduct of a party in a divorce proceeding does not provide a basis for awarding attorney fees pursuant to OCGA § 19-6-2. See *Johnson v. Johnson*, 284 Ga. 366, 368 (3) (667 SE2d 350) (2008)." *Vakharwala v. Vakharwala*, 301 Ga. 251, 254 (1) (b) (799 SE2d 797) (2017). But the trial court's findings were pertinent to the amount of fees that were incurred, the financial impact of the litigation, and the ability of the parties to afford effective representation. Accordingly, we find no abuse of discretion in the attorney fees award. *Hoard*, 298 Ga. at 732 (2) (reversal not required even though trial court discussed procedural history of the litigation and concludes one party unnecessarily expanded the litigation when nothing suggested these factors played a role in decision to award fees under OCGA § 19-6-2). The judgment in Case No. A19A1531 is affirmed.

*CASE NO. A19A2119.*

3. In light of the foregoing, the Father's challenge to the trial court's order imposing an appeal bond is moot, and the appeal in Case No. A19A2119 is dismissed

13

for this reason.[10] *McCann v. McCraine*, 228 Ga. 817 (188 SE2d 487) (1972); *GOM Builders, LLC v. Renasant Bank*, 328 Ga. App. 796 ( 762 SE2d 622) (2014).

*Judgment affirmed in Case No. A19A1531. Appeal dismissed in Case No. A19A2119. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[10] Citing *Pruett v. Commercial Bank of Ga.*, 211 Ga. App. 692 (440 SE2d 85 (1994), the Mother has moved to dismiss the Father's direct appeal from the order requiring him to post an appeal bond, arguing that a supersedeas bond is not a final order which is directly appealable pursuant to OCGA § 5-6-34. However, the Mother overstates our holding in *Pruett*, which was to the effect that in that particular case, matters remained pending in the trial court. Id. at 694. In contrast, our review of the record in this case shows that a final judgment was entered and that the only matters that remain pending below are motions for reconsideration which were never ruled on. "While it is true that a notice of appeal filed during the pendency of a motion for new trial confers no jurisdiction on this Court, the same rule does not apply to motions for reconsideration." (Citation omitted.) *Threatt v. Forsyth County*, 250 Ga. App. 838, 844 (2) (552 SE2d 123) (2001). Thus, this appeal is not subject to dismissal for the reasons urged by the Mother in her motion.